Rocky K. Copley, Esq.; SBN 101628
LAW OFFICE OF ROCKY K. COPLEY
550 West C Street, Suite 1150
San Diego, California 92101
Tel (619) 232-3131; Fax (619) 232-1690

Sterling J. Stires, Esq.; SBN 199218
LAW OFFICES OF CHARLES S. LIMANDRI, APC
P.O. Box 9120
Rancho Santa Fe, CA  92067
Tel (858) 759-9930; Fax (858) 759-9938

Attorney for Plaintiffs MISSION BAY JET SPORTS, LLC and ROBERT ADAMSON

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC, A CALIFORNIA LIMITED LIABILITY CORPORATION; AND ROBERT ADAMSON, AN INDIVIDUAL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | In Admiralty<br><br>Civil Complaint No. 08 CV 0146 JM CAB<br><br>**EX PARTE APPLICATION FOR ISSUANCE OF INJUNCTION STAYING UNDERLYING LITIGATION** |

I, Rocky K. Copley, declare as follows:

1. I am one of the attorneys representing the plaintiffs, MISSION BAY JET SPORTS, LLC, and ROBERT ADAMSON, individually and doing business as MISSION BAY JET SPORTS, with regards to their complaint for exoneration from or limitation of liability under 46 U.S.C.A. 30505 *et seq.* (Shipowners Limitation Liability Act).

2. On January 24, 2008, I personally filed a pleading entitled "Complaint for Exoneration From or Limitation of Liability by Mission Bay Jet Sports, LLC, and Robert Adamson, individually and doing business as Mission Bay Jet Sports."

3. Simultaneous with the filing of that complaint, I filed a pleading entitled *"Ad Interim* Stipulation of Plaintiffs Mission Bay Jet Sports, LLC and Robert Adamson, individually and doing business as Mission Bay Jet Sports." In addition, I deposited with the clerk for this court a check issued by Essex Insurance Company for the sum of $6,005.

1

4. The complaint for exoneration and/or limitation of liability was filed under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter referred to as the "Supplemental Admiralty Rules").

5. The complaint is an exercise of my clients' rights to seek exoneration and/or limitation of their liability under maritime law with regards to claims of personal injuries being made against them in a state action currently pending in the San Diego County Superior Court, Case No. 37-2007-00077350-CU-PO-CLT, known as *Haley Colombo, by and through her guardian ad litem Sam Colombo; Jessica Slagel, by and through her guardian ad litem Joy Slagel, v. Brett Kohl, et al.*

6. In that state action, Haley Colombo and Jessica Slagel, by and through their respective guardians ad litem, have filed suit for personal injury damages against my clients arising out of an accident that involved a jet ski.

7. The complaint for exoneration and/or limitation of liability alleges that the jet ski was taken by Brett Kohl without the knowledge, permission or consent of my clients. (See paragraphs 6, 7 and 13 of complaint for exoneration and/or limitation of liability.)

8. Under the Supplemental Admiralty Rules, my clients are entitled to seek an injunction of the lawsuit currently being prosecuted against them by Haley Colombo and Jessica Slagel in the state court proceedings. (See Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.)

9. Rule F(3) provides as follows:

> Upon compliance by the owner with the requirements of subdivision (1) of this rule, all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff, the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

10. The subdivision (1) that is referred to above requires that my clients file their complaint within six months after receipt of a written claim for damages. In this case, the complaint was filed within six months of the alleged accident.

///

2

11. Next, Rule F(1) requires my clients to "deposit with the court, for the benefit of the claimants, a sum equal to the amount or value of the owner's interest in the vessel . . . ."

12. In this case, my client filed the *ad interim* stipulation attesting to the value of the jet ski. My client is in the business of renting jet skis and obtained the market value of the used jet ski from the Kelly Blue Book which placed the value at $6.005. A check for $6,005 has been deposited with the clerk of this court.

13. Therefore, my clients are entitled to the injunctive relief described above in order to stay the underlying state litigation pending against them and require Haley Colombo and Jessica Slagel, as well as any other persons, to file their respective claims with this court and litigate the issues that are required under the Shipowners Limitation Liability Act, 46 U.S.C.A. 30505 *et seq.*

14. Therefore, on behalf of my clients, I hereby apply to this court for the issuance of the injunction to stay the prosecution of the above-described state court action as well as any other similar actions pending or which might be brought in the future against my clients arising out of the subject jet ski accident.

15. Therefore, I respectfully request that the court sign and approve the order that I have submitted to this court entitled "Order Directing Issuance of Notice and Restraining Prosecution of Claims."

I declare under penalty of perjury under the laws of the State of California that each of the above statements are true and correct and that this declaration was executed on the 4th day of February, 2008, in the City of San Diego, State of California.

*/s/ Rocky K. Copley*
Rocky K. Copley
rkcopley@rkc-cooklaw.com

3