# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Movants. | CASE NO. 08cv0146 JM(CAB)<br><br>ORDER GRANTING EX PARTE APPLICATION FOR INJUNCTION STAYING STATE COURT ACTION; REQUIRING PUBLICATION OF NOTICE |

Mission Bay Jet Sports, LLC and Robert Adamson, individually and doing business as Mission Bay Jet Sports (collectively "Movants") move ex parte to enjoin further prosecution of them in a state court action entitled <u>Colombo v. Kohl</u>, Case No. 37-2007-00077350-CU-PO-CTL ("State Action"). Plaintiffs in the State Action have not filed a response to Movants' request because they have not been served with notice of this action. For the reasons set forth below, the court grants the ex parte application for an injunction staying the State Action, requires Movants to publish notice pursuant to Supplemental Rule F(4), and sets a scheduling order on the concursus.

## BACKGROUND

Movants commenced this action on January 24, 2008 requesting, among other things, that this court (1) limit their liability in the State Action to the value of the Jet Ski vessel at issue, $6,005, and (2) enjoin further prosecution of them in the State Action. Movants filed this complaint for exoneration and limitation of liability pursuant to the Limitation of Vessel Owner's Liability Act, 46

1  U.S.C. §30501-30512 (the "Limitation Act"), Rule 9(h) of the Federal Rules of civil Procedure, and
2  Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental
3  Rules"). In conjunction with the complaint, Movants filed a stipulation of value for the Jet Ski in the
4  amount of $6,005 and deposited this amount with the Court Clerk.

5  Movants allege that on July 29, 2007 an employee of Mission Bay Jet Sports, Brett Kohl,
6  removed a jet ski from the premises without their knowledge or consent. (Compl. ¶¶ 6, 7). The
7  employee then met some friends and provided rides to the State Action plaintiffs, Haley Colombo and
8  Jessica Slagel, on Mission Bay, navigable waters located within San Diego County. (Compl. ¶11).
9  An accident occurred injuring the State Action plaintiffs, (Compl. ¶9), and the guardians for them filed
10 suit in state court against the Brett Kohl and Movants herein. (Compl. ¶16). Movants seek to limit
11 their liability to the value of the Jet Ski involved in the accident. (Compl. at p.7:7-17).

12                                    **DISCUSSION**

13 The Limitation Act provides a mechanism in which a shipowner may limit its liability arising
14 out of the operation of the owner's vessel to the value of the vessel and its pending freight. 46 U.S.C.
15 §30505; In the matter of the Complaint of Okeanos Ocean Research Found., Inc., 704 F.Supp. 412
16 (S.D.N.Y.1989) (citing In re Vatican Shrimp Co. v. Solis, 820 F.2d 674, 677 (5th Cir.), cert. denied,
17 484 U.S. 953 (1987)). Legislation limiting shipowners' liability was first enacted in 1851 to provide
18 assistance to American shipowners and thereby place them in a favorable position in the competition
19 for world trade. Maryland Cas. Co. v. Cushing, 347 U.S. 409, 414 (1954). The right to limit liability
20 is set forth in the Limitation Act which provides that "a vessel owner's liability for losses and injuries
21 occurring on his vessel shall be limited to the owner's 'interest' in the vessel and his freight." In the
22 matter of the Complaint of Bayview Charter Boats, Inc., 692 F.Supp. 1480, 1482 (E.D.N.Y.1988).
23 Liability is limited to those cases where the injury occurs "without the privity or knowledge of the
24 owner." 46 U.S.C. §30505(b); In the matter of the Complaint of Keys Jet Ski, Inc., 893 F.2d 1225,
25 1227 (11th Cir. 1990) (jet ski is a vessel within the meaning of the Limitation Act).

26 Once a complaint for limitation or exoneration is filed and prerequisites satisfied, the district
27 court may stay all claims against the owner stemming from the incident, and notice is then sent to all
28 potential claimants. Bayview, 692 F.Supp. at 1483. After all claimants have been notified, the court

conducts a proceeding known as a "concursus," in which the court, without a jury, tries all issues related to the limitation proceedings. Id. "Thus, the Court determines 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if the limitation is granted, how the [limitation] fund should be distributed.'" Id. (citing In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir.1988)) (quoting Universal Towing Co. v. Barrale, 595 F.2d 414, 417 (8th Cir.1979)).

Movants request that this court stay the State Action as to them. Supplemental Rule F(3) provides:

> Upon compliance by the owner with the requirements of subdivision (1) of this rule, all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff, the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in action.

Here, Movants have satisfied the prerequisites of Rule F(1) by filing the present complaint for limitation within six months after receipt of notice of the claims arising from the Jet Ski accident. (Compl. ¶15). Consequently, the court grants Movants' motion to provisionally enjoin the state court action from proceedings against Movants.

Finally, by separate order, the court directs Movants to publish notice to all potential claimants and restrains prosecution of the state court action against Movants. Any claimant to the funds deposited with the Clerk of Court must file a claim no later than by March 28, 2008. The court sets the following scheduling order to resolve potential claims. Movants shall file and serve a response to any claims received no later than by April 18, 2008. Claimants may file and serve a reply brief no later than by May 2. 2008. A hearing on the claims is calendared for May 16, 2008 at 2:00 p.m.

In sum, the court grants Movants' request to enjoin the state court proceedings (only as to Movants) and directs Movants to publish notice, incorporating the above identified scheduling order.

**IT IS SO ORDERED.**

DATED: February 7, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties