```
 1  THOMAS TOSDAL, ESQ.
    State Bar No. 067834
 2  TOSDAL, SMITH, STEINER & WAX
    600 B Street, Suite 2100
 3  San Diego, CA 92101-4508
    Telephone:  (619) 239-7200
 4  Fax:  (619) 239-6048

 5  Attorneys for Haley Colombo and Jessica Slagel

 6

 7

 8                UNITED STATES DISTRICT COURT

 9                SOUTHERN DISTRICT OF CALIFORNIA

10  IN THE MATTER OF THE        )   CASE NO. 08cv0146JM(CAB)
    COMPLAINT OF MISSION BAY JET)
11  SPORTS, LLC; ROBERT ADAMSON,)   MEMORANDUM IN SUPPORT OF
    individually and d.b.a.     )   MOTION TO DISMISS
12  MISSION BAY SPORTS, FOR     )   COMPLAINT
    EXONERATION FROM OR         )
13  LIMITATION OF LIABILITY,    )   Date:   April 4, 2008
                                )   Time:   1:30 p.m.
14              Movants.        )   Court:  16
    _____)
```

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

0

CASE NO. 08cv0146JM(CAB)

**TABLE OF CONTENTS**

Page

1. Introduction . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Statement of Facts . . . . . . . . . . . . . . . . . . . . . 1

3. Statement of the Proceedings . . . . . . . . . . . . . . . . 3

4. This Court Does Not Have Subject Matter Jurisdiction in Admiralty . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   A. The Movants Have the Burden to Establish Admiralty Subject Matter Jurisdiction . . . . . . . . . . . . . . 5

   B. The Tort Did Not Occur on Navigable Waters . . . . . 5

   C. Movants Have Not Pleaded and Cannot Show A Substantial Connection of the Incident to Maritime Activity . . . . . . . . . . . . . . . . . . . . . . . 7

      (1) The General Nature of the Subject Incident Does Not Have A Potentially Disruptive Impact On Maritime Commerce . . . . . . . . . . . . . . . 8

      (2) The Activity Giving Rise to the Incident Does Not Have A Substantial Relationship to Traditional Maritime Activity . . . . . . . . 10

5. The Complaint Must Be Dismissed Because the Limitation of Liability Act Cannot Afford Any Relief to Movants . . . 11

6. The Limitation of Liability Act Does Not Apply To This Circumstance . . . . . . . . . . . . . . . . . . . . . . . 14

7. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . 14

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

i

CASE NO. 08cv0146JM(CAB)

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                  <u>Page</u>

<u>Adams v. Montana Power Company</u>, 528 F.2d 437, 438
(9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . 6, 9

<u>Crosson v. Vance</u>, 484 F.2d 840, 842-3 (4th Cir. 1973) . . . . 11

<u>Delta Country Ventures, Inc. v. Magana</u>, 986 F.2d 1260
(9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 10, 11

<u>Executive Jet Aviation, Inc. v. City of Cleveland</u>, 409 U.S.
249, 266 (1972) . . . . . . . . . . . . . . . . . . . . . . . 6, 10

<u>Foremost Insurance Co. v. Richardson</u>, 457 U.S. 668, 675
(1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Grubart, Inc. v. Great Lakes Dredge & Dock Company</u>,
513 U.S. 527, 534 (1995) . . . . . . . . . . . . . . . . . 5, 7-10

<u>Joyce v. Joyce</u>, 975 F.2d 379, 384 (7th Cir. 1992) . . . . . 11-13

<u>Keys Jet Ski, Inc. v. Kays</u>, 893 F.2d 1225, 1228, 1229 n.8
(11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 14

<u>LeBlanc v. Cleveland</u>, 198 F.3d 353, 360 (2d Cir. 1999) . . . . 6

<u>Manual Ruiz</u>, 494 Fed. Supp.2d 1339, 1342 (S.D. Fla. 2007) . 12,13

<u>Marroni v. Matey</u>, 492 Fed. Supp. 340, 342 (E.D. Pa. 1980) . . . 7

<u>Murillo v. Rite Stuff Foods, Inc.</u>, (1998) 65 Cal.App. 4th
833, 852 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Savage v. Glendale Union High School</u>, 343 F.3d 1036, 1039 n.2
(9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Seven Resorts, Inc. v. Cantlen</u>, 57 F.3d 771, 773
(9th. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Sisson v. Ruby</u>, 497 U.S. 358, 364 n.2 (1990) . . . . . . . . 8-10

<u>The Daniel Ball</u>, 77 U.S. 557, 563 (1871) . . . . . . . . . . . 6

<u>Three Buoys Houseboat Vacations U.S.A. v. Morts</u>, 921 F.2d 775,
778, 780 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . 6

<u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000) . . . . . . . 5


<u>Statutes</u>

46 U.S.C. §30505 . . . . . . . . . . . . . . . . . . . . . . 1, 5

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

**1.   Introduction**

The complaint in this case is a cynical attempt by Defendants in a state tort action and their insurer, Essex Insurance Company, to manipulate a 1851 statute designed to encourage commercial ship building to limit to $6,005 the damages recoverable by two teenage girls who were severely injured in a jet ski accident in Mission Bay Park.

The complaint must be dismissed for lack of subject matter admiralty jurisdiction, both facially and factually. The Movants cannot establish the first prong of the test for admiralty jurisdiction – that the wrong occurred on a navigable waterway. The Movants have not pleaded and cannot establish the second prong of that test -- that the incident bears a substantial relationship to traditional maritime activity.

The complaint must also be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted because the Limitation of Liability Act, 46 U.S.C. §30505, can provide no relief to Movants. The Court cannot grant relief to Movants and therefore has no jurisdiction because the causes of action alleged against Movants in the state case necessarily involve "privity or knowledge," the *sine qua non* for limitation of liability under the Limitation of Liability Act.

**2.   Statement of Facts**

The incident occurred in the late afternoon on July 29, 2007. (Colombo decl. ¶2; Slagel decl. ¶2) Haley Colombo and Jessica Slagel, both minors, were injured when they came off a jet ski called a Sea Doo which was being driven by Brett Kohl, a Defendant in the state action. Both girls suffered serious orifice injuries.

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  (Colombo decl. ¶2; Slagel decl. ¶2; Ex. 4, state court complaint p.
2  4 – "serious orifice injuries from the jet stream of the Sea Doo".)
3  The Sea Doo did not collide with another craft. (Colombo decl. ¶2;
4  Slagel decl.¶2)

5      The incident occurred at a personal water craft special use
6  area in the east end of the South Pacific Passage in San Diego's
7  Mission Bay Park. (Colombo decl. ¶4; Slagel decl. ¶4; Strobel decl.
8  ¶5; Ex. 1, map) This area is bordered on three sides by land: to
9  the north by Fiesta Island; to the northeast by a dirt berm over
10 which Fiesta Island Rd. runs; and to the south and southeast by
11 land on which Sea World Drive is located. (Strobel decl. ¶6; Ex.
12 1, map; Tompkins decl. ¶6) There are no docks, piers or marinas
13 within this special use PWC area. (Strobel decl. ¶8)

14     The area is limited to "personal watercraft (PWC) only," and
15 all other watercraft, including boats, are prohibited from going
16 into or using the area. (Strobel decl. ¶9) A personal watercraft
17 (PWC) is a craft powered by a jet which is 13 feet or less in
18 length. (Strobel decl. ¶9; Ex. 3, photo)

19     The limited use of this area is announced to the public by the
20 City of San Diego's map of Mission Bay Park, by posted signs, and
21 by signs on buoys spaced across the entrance to the area. (Strobel
22 decl. ¶5) The City's map designates the area as a "Personal
23 Watercraft Area (Personal Watercraft Only)" and states in the
24 regulations on the back:

25     **Personal Watercraft (PWC)**
    Jet Skis, Wet Bikes, Wave Runners ...
26     (2) There is a special personal watercraft area at the end
    of South Pacific Passage – where boats are prohibited;
27     however, operators using the area must comply with the no
    wake zone immediately outside of the area.
28     (Strobel decl. ¶10; Ex. 1, map)

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

Signs that have been posted for many years restrict the area to jet skis and prohibit entry and use by boats:

- PERSONAL WATERCRAFT ONLY. NO TOWING OR SWIMMING
- PERSONAL WATERCRAFT: IS A VESSEL UNDER 13' WITH AN INBOARD MOTOR, A WATER JET PUMP, AND IS DRIVEN BY SITTING, STANDING, OR KNEELING. THIS DOES NOT INCLUDE VESSELS DRIVEN BY OUT-DRIVE, IN-OUT OR INBOARD DRIVE POWER TO WHICH A PROPELLER IS ATTACHED NOT DOES IT INCLUDE TETHERED CRAFTS.

(Strobel decl. ¶11; Tompkins decl. ¶5; Ex. 3, photo)

The only water access to this special use PWC area is from the west through waters designated as "South Pacific Passage." The waters of the South Pacific Passage and the waters within the special use PWC area are separated by several buoys spaced across the water warning that boats are not permitted within the special use PWC area. (Strobel decl. ¶7; Ex. 1, map) These signs also require all personal watercraft using the area to move in a counter-clockwise direction. (Strobel decl. ¶11; Ex.3, photo)

The City's Lifeguard services division enforces all postings related to this special use PWC area. (Strobel decl. ¶12)

**3. Statement of the Proceedings**

On October 9, 2007, Colombo and Slagel, by and through their guardians *ad litem* Sam Colombo (father) and Joy Slagel (mother), filed an action for damages in the San Diego Superior Court. (Decl. of counsel ¶3, 4; Ex. 4, complaint; Ex. 5, appointments of guardians *ad litem*) Three defendants are named in the state complaint – Brett Kohl, the operator of the jet ski, Mission Bay Jet Sports, Kohl's employer, and Robert Adamson, the owner of the jet ski and owner and operator of Mission Bay Jet Sports. (Ex. 4, complaint)

///

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

Four causes of action are alleged in the state complaint against Movants Mission Bay Jet Sports and Adamson:

<u>First</u>: Mission Bay Jet Sports and Adamson authorized and permitted their employee Brett Kohl to use the Sea Doo to transport Colombo and Slagel, the Sea Doo was not equipped with sufficient straps or restraint devices, and Mission Bay Jet Sports and Adamson authorized and ratified Kohl's negligent operation of the Sea Doo. (Ex. 4, complaint p.4)

<u>Second</u>: Mission Bay Jet Sports and Adamson negligently entrusted the Sea Doo to Kohl, who they knew was reckless, unfit, and/or incompetent to operate the Sea Doo safely. (Ex. 4, complaint p. 6)

<u>Third</u>: Mission Bay Jet Sports and Adamson negligently failed to supervise, instruct, and train Kohl in the safe operation of the Sea Doo. (Ex. 4, complaint p.7)

<u>Fourth</u>: Mission Bay Jet Sports and Adamson authorized and ratified Kohl's misrepresentation to Colombo and Slagel and put Kohl in a position to commit the misrepresentation. (Ex. 4, complaint 9 par. FR-7)

The state complaint was served and discovery commenced. On January 24, 2008, Movants filed in this Court their complaint and *ex parte* request for a stay of the state proceedings without notice to Colombo, Slagel, or their counsel. On February 7, 2008, this court granted a stay of the state proceedings as to Movants and set a schedule for further proceedings, which was served on Colombo, Slagel, and their counsel.

Movants' complaint admits:

- That Robert Adamson owned the subject jet ski and

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

4

CASE NO. 08cv0146JM(CAB)

operated a jet ski sales and rental business named Mission Bay Jet Sports, (Complaint ¶4); and

- That on July 29, 2007, Brett Kohl was an employee of Mission Bay Jet Sports, (Complaint ¶10);

**4. This Court Does Not Have Subject Matter Jurisdiction in Admiralty**

**A. The Movants Have the Burden to Establish Admiralty Subject Matter Jurisdiction**

A motion to dismiss under Rule 12(b)(1) may be either facial or factual, the latter permitting the Court to look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)

For this Court to have subject matter jurisdiction of a complaint for relief under the Limitation of Liability Act, 46 U.S.C. §30505, the movants must establish that the Court has admiralty jurisdiction. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 773 (9th. Cir. 1995) Both the "location" and "connection" tests of admiralty jurisdiction must be satisfied. The tort must occur on navigable waters (location), and the wrong must bear a sufficient connection with maritime activity (connection). Grubart, Inc. v. Great Lakes Dredge & Dock Company, 513 U.S. 527, 534 (1995)

**B. The Tort Did Not Occur on Navigable Waters**

The Court must first determine whether the tort occurred on navigable waters. Grubart, Inc. v. Great Lakes Dredge & Dock

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

5

CASE NO. 08cv0146JM(CAB)

1 Company, supra at 534. Under the location test, the tort occurs
2 where the negligence took effect. Executive Jet Aviation, Inc. v.
3 City of Cleveland, 409 U.S. 249, 266 (1972)

4 The purpose of admiralty jurisdiction is the protection and
5 promotion of the maritime shipping industry through the development
6 and application of uniform federal law. Adams v. Montana Power
7 Company, 528 F.2d 437, 438 (9th Cir. 1975)  For the purpose of
8 admiralty jurisdiction, a waterway is navigable if it is used or
9 susceptible of being used as a highway of interstate or foreign
10 commerce. The Daniel Ball, 77 U.S. 557, 563 (1871) Commerce for the
11 purpose of admiralty jurisdiction means activities related to the
12 business of shipping. Adams v. Montana Power Company, supra at 438
13 (no admiralty jurisdiction).  The waterway must be generally and
14 commonly useful to some purpose of trade or agriculture. (*Ibid.*)
15 Neither non-commercial fishing, pleasure boating, nor water skiing
16 constitute commerce. (*Ibid.*)

17 The standard is not historical but present or "contemporary
18 navigability in fact." Three Buoys Houseboat Vacations U.S.A. v.
19 Morts, 921 F.2d 775, 778, 780 (8th Cir. 1990)(Limitation of
20 Liability Act petition dismissed) "Navigability requires that the
21 body of water be capable of supporting commercial maritime
22 activity.  It is irrelevant that the body of water is capable of
23 supporting non-commercial maritime activity." LeBlanc v. Cleveland,
24 198 F.3d 353, 360 (2d Cir. 1999)(no admiralty jurisdiction)
25 "Natural and artificial obstructions that effectively prohibit such
26 commerce defeat admiralty jurisdiction." LeBlanc v. Cleveland,
27 supra at 359.
28 ///

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA  92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

The situs at issue in this case is not Mission Bay in general but the special use personal watercraft area where the incident occurred. This area is at the eastern end of the inland waterway of Mission Bay, is small and surrounded by land on three sides, has no docks, piers, or marinas, and all boats and forms of watercraft other than jet skis are prohibited from entering and using the area. Because the area is limited to jet skis, all commercial use of the area is prohibited, and the regulations restricting use to jet skis is enforced by the City's Lifeguard Service. (Strobel decl. ¶12) The area is not used or susceptible of being used as a highway for interstate or foreign commerce. Within the meaning of admiralty jurisdiction, the situs of the incident is not navigable.

It does not matter whether other parts of Mission Bay may or may not be navigable. If the situs at issue is not navigable, it does not matter that another part of the same waterway is navigable. Marroni v. Matey, 492 Fed. Supp. 340, 342 (E.D. Pa. 1980)

The special use PWC area where the tort occurred is not a navigable water for purposes of admiralty jurisdiction, and the complaint must be dismissed.

**C.  Movants Have Not Pleaded and Cannot Show A Substantial Connection of the Incident to Maritime Activity**

Movants must plead and bear the burden of establishing that the incident bears a substantial connection with maritime activity. Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 534. This test has two parts. The Court must first assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce.

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

7

CASE NO. 08cv0146JM(CAB)

1 Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 534.
2 Next, the court must determine whether the general character of the
3 activity giving rise to the incident shows a substantial
4 relationship to traditional maritime activity. *Ibid.*

5 Movants' failure to plead any facts, much less sufficient
6 facts, to establish the necessary connection of the incident with
7 maritime activity renders the complaint facially defective, because
8 this connection is necessary to establish admiralty jurisdiction.
9 For the reasons set forth below, the complaint is also factually
10 defective, because the Movants' cannot satisfy either of the two
11 tests necessary to establish the requisite connection.

**(1) The General Nature of the Subject Incident Does Not Have A Potentially Disruptive Impact On Maritime Commerce**

Admiralty jurisdiction is only justified by the federal interest in protecting maritime commerce. Sisson v. Ruby, 497 U.S. 358, 364 n.2 (1990) Hence, a federal court does not have admiralty jurisdiction unless the general features of the incident were likely to disrupt commercial activity. Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 539. The potential impact on commerce does not turn on the precise facts of the incident but on its general features. Sisson v. Ruby, supra at 363. The Court must use an "intermediate level" of generality and not something too general or abstract. Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 539.

The location and nature of the incident are both important. In Sisson v. Ruby, supra, a fire on a 56 ft. pleasure yacht docked at a marina on navigable water caused other craft and part of the marina to burn. The court held that the general features of the

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

8
CASE NO. 08cv0146JM(CAB)

1  type of incident – "a fire on a vessel docked at a marina on
2  navigable waters" – has a potentially disruptive impact on maritime
3  commerce because fire on a vessel can spread to nearby commercial
4  vessels or make the marina inaccessible to commercial vessels.
5  Sisson v. Ruby, supra at 362-363. In Grubart, the general features
6  of the incident were described as damage by a vessel in navigable
7  water to an underwater structure. Grubart, Inc. v. Great Lakes
8  Dredge & Dock Company, supra at 539.

9  The general nature of the subject incident, described in
10 "intermediate" terms, is the operation of a single jet ski so that
11 its passengers fall into waters forbidden to boats and all other
12 water craft. Jet skiers, like water skiers, are not engaged in
13 commerce. (See Adams v. Montana Power Company, supra at 438.) Since
14 the type of area where the incident occurred is closed to commerce,
15 the general features of the incident have no potentially disruptive
16 impact on commerce.  And the operation of a single jet ski so that
17 its passengers fall into the water has no potential to disrupt
18 commerce even where commerce occurs, unlike the collision of two
19 boats in a navigable river. (Compare Foremost Insurance Co. v.
20 Richardson, 457 U.S. 668, 675 (1982), the collision of two pleasure
21 boats on a navigable river poses a potentially disruptive impact on
22 maritime commerce on navigable rivers).

23 The general nature of the subject incident did not have a
24 potentially disruptive impact on maritime commerce, as a result of
25 which this court does not have admiralty jurisdiction.
26 ///
27 ///
28 ///

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

9

CASE NO. 08cv0146JM(CAB)

### (2) The Activity Giving Rise to the Incident Does Not Have A Substantial Relationship to Traditional Maritime Activity

The second part of the connection test is that Movants must show a substantial relationship between the general character of the activity giving rise to the incident and traditional maritime activity. Sisson v. Ruby, supra at 364. A tortfeasor's activity on navigable waters must be "so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 539-40.

Here too this test involves characterization of the general nature and location of the tortious activity. In Executive Jet Aviation, Inc. v. City of Cleveland, supra at 270, aviation within the continental United States was held to bear no relationship to traditional maritime activity. In Sisson v. Ruby, supra at 367, the storage and maintenance of a vessel at a marina on navigable waters was held to bear a substantial relationship to traditional maritime activity because such activity "is a common, if not indispensable, maritime activity." But injury to a swimmer from diving into shallow but navigable water does not meet the test. Grubart, Inc. v. Great Lakes Dredge & Dock Company, supra at 543.

In Delta Country Ventures, Inc. v. Magana, 986 F.2d 1260 (9th Cir. 1993), the owner of a houseboat filed a petition under the Limitation of Liability Act to limit his liability for injuries suffered by a youth who dove from the boat into shallow water. Rejecting the owner's characterization of the activity as navigation – mooring the boat – as not reasonable and not making

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

10

CASE NO. 08cv0146JM(CAB)

common sense, the court affirmed dismissal of the petition for lack of subject matter jurisdiction. "We conclude that Delta has not shown a substantial relationship between aquatic recreation off a pleasure boat and traditional maritime activity." <u>Delta Country Ventures, Inc. v. Magana</u>, <u>supra</u> at 1263. And <u>Crosson v. Vance</u>, 484 F.2d 840, 842-3 (4th Cir. 1973), held that admiralty jurisdiction does not reach a claim for personal injury by a water skier against the operator of a tow boat who towed the skier into too shallow water, because that activity has insufficient connection to traditional maritime activity.

In this case, the operation of a jet ski in a counter-clockwise circle in a small water park from which boats and all other forms of watercraft are forbidden bears no relationship to a traditional maritime activity.

Since the Movants cannot establish the second connection test – substantial relationship with traditional maritime activity – the Court does not have admiralty jurisdiction.

**5. The Complaint Must Be Dismissed Because the Limitation of Liability Act Cannot Afford Any Relief to Movants**

The Limitation of Liability Act, 46 U.S.C. 30305(b), affords relief from liabilities arising from any act "done, occasioned, or incurred, without the privity or knowledge of the owner." In the case of individual owners, like Adamson, "privity" means some personal participation of the owner in the fault or negligence which caused or contributed to the injury. <u>Joyce v. Joyce</u>, 975 F.2d 379, 384 (7th Cir. 1992) "Knowledge" includes not only actual but constructive knowledge – what the owner is charged with finding out. *Ibid.* The Act was not intended to shield ship owners from

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

11

CASE NO. 08cv0146JM(CAB)

1 liability for the choice of incompetent personnel, at least when
2 the owner participates fully in the choice. *Ibid.*

3 A complaint under the Limitation of Liability Act must be
4 dismissed for lack of subject matter jurisdiction when the causes
5 of action pleaded in the state action from which relief is sought
6 require conduct by the owner amounting to "privity or knowledge"
7 under the Limitation of Liability Act. In <u>Joyce v. Joyce</u>, <u>supra</u>, a
8 person operated a pleasure boat allegedly without the consent of
9 the owner and drove the boat over a wake so as to injure a
10 passenger. The injured person sued the operator for negligent
11 operation and the owner for negligent entrustment. The owner filed
12 a complaint under the Limitation of Liability Act, which the
13 District Court dismissed for lack of subject matter jurisdiction.
14 Affirming the dismissal, the Court of Appeals held that if the
15 owner knew enough to be liable for negligent entrustment, he knew
16 too much to be protected by the Act. On the other hand, if the
17 owner did not negligently entrust the boat to the operator, he had
18 no need of the Act's protection. <u>Joyce v. Joyce</u>, <u>supra</u> at 385. "In
19 either case, the district court could not do anything to affect
20 either party and was correct to dismiss the suit for lack of
21 subject matter jurisdiction." <u>Joyce v. Joyce</u>, <u>supra</u> at 385.

22 Similarly, the court in <u>Manual Ruiz</u>, 494 Fed. Supp.2d 1339,
23 1342 (S.D. Fla. 2007), dismissed for lack of subject matter
24 jurisdiction a complaint to limit liability of a boat owner who was
25 sued in a state action for negligent entrustment and negligent
26 supervision of a minor who drove a boat over a child. The court
27 reasoned that if the owner negligently entrusted or supervised the
28 minor, those actions would necessarily be within his "privity or

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

12

CASE NO. 08cv0146JM(CAB)

knowledge" and no limitation of liability would be available for the owner's own negligence. *Ibid.* "If the state court action results in a finding that there was no negligent entrustment or supervision by the Petitioner, then this limitation of liability action is unnecessary and moot." *Ibid.*

Here, each and every cause of action against the Movants Mission Bay Jet Sports and Adamson allege in the terms of California law conduct which, if proven, would necessarily be within their "privity or knowledge:"

<u>First</u>: Movants authorized and permitted Kohl to use the Sea Doo, failed to equip the Sea Doo with sufficient straps or restraint devices, and authorized and ratified Kohl's negligent operation of the Sea Doo. (Ex. 4, complaint p.4) Under California law, ratification requires knowledge by an employer of an employee's wrongdoing and conduct indicative of ratification, such as continuing the employee in service. (*Murillo v. Rite Stuff Foods, Inc.,* (1998) 65 Cal.App. 4th 833, 852.)

<u>Second</u>: Movants negligently entrusted the Sea Doo to Kohl, knowing he was reckless, unfit, and/or incompetent to operate the Sea Doo safely. (Ex. 4, complaint p. 6) <u>See</u> <u>Joyce v. Joyce</u>, <u>supra</u>.

<u>Third</u>: Movants negligently failed to supervise, instruct, and train Kohl in the safe operation of the Sea Doo. (Ex. 4, complaint p.7)<u>See</u> <u>Manual Ruiz</u>, <u>supra</u>.

<u>Fourth</u>: Movants authorized and ratified Kohl's misrepresentation to Colombo and Slagel and put Kohl in a position to commit the misrepresentation. (Ex. 4, complaint 9 par. FR-7) (*Murillo v. Rite Stuff Foods, supra.*)

///

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

13
CASE NO. 08cv0146JM(CAB)

Because each and every cause of action alleges conduct by Movants Mission Bay Jet Sports and Adamson amounting to "privity and knowledge" under the Limitation of Liability Act, this Court cannot afford relief and therefore lacks subject matter jurisdiction.

**6.   The Limitation of Liability Act Does Not Apply To This Circumstance**

The Court's determination of this motion should be guided not only by established jurisdictional principles but also by the purpose of the Limitation of Liability Act and the objectively absurd result of application of that Act to this case. Enacted in 1851, the purpose of the Act was to protect the commercial shipping industry of the United States, to encourage ship building, and to induce "capitalists" to invest money in this branch of industry. Estate of Lewis, 683 F. Supp. 217, 219 (C.D. Cal. 1987) There has been sharp criticism from many sources, courts and commentators, of applying the Act to pleasure craft. *Ibid*; Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1228, 1229 n.8 (11th Cir. 1990) ("illogical," "a charter of irresponsibility for a few wealthy individuals," "insurance companies are the true beneficiaries under the Act."). Interpretation of the Act according to its purposes forecloses application of the Act to the circumstances of this case.

**7.   Conclusion**

The Movants have not properly pleaded and cannot establish admiralty jurisdiction. The Movants have not pleaded any facts to establish the connection of the incident with maritime activity. The Movants cannot establish that: (1) the tort occurred on navigable waters, (2) the general features of the incident have a

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

14
CASE NO. 08cv0146JM(CAB)

potentially disruptive effect on commerce, and (3) the general nature of the activity giving rise to the incident has a substantial relationship with traditional maritime activity.

The Court cannot grant any relief to Movants because the state action from which relief is sought pleads causes of action requiring conduct by the owner amounting to "privity or knowledge" under the Limitation of Liability Act. And the Limitation of Liability Act, interpreted according to its purposes, does not reach the circumstances of this case.

The motion to dismiss must be granted.

Dated: February 26, 2008              By: /s Thomas Tosdal
                                      Thomas Tosdal
                                      Attorneys for Colombo and Slagel
                                      ttosdal@tosdalsmith.com

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048