THOMAS TOSDAL, ESQ.
State Bar No. 067834
TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Fax: (619) 239-6048

Attorneys for Haley Colombo and Jessica Slagel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Movants. | CASE NO. 08cv0146JM(CAB)<br><br>**MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION TO CONTINUE DATE FOR CLAIMS AND ANSWERS, VACATE THE PRESENT SCHEDULE AND RESCHEDULE DATES** |

**1. INTRODUCTION**

The complaint filed by Movants seeks to exonerate them completely from or limit their liability to a paltry sum for serious personal injuries caused to two teenage girls by Movants' negligence. The Court's initial scheduling order, which was set without input from counsel for Real Parties, is far too accelerated to do justice to this serious matter.

Real Parties have filed a motion to dismiss for lack of subject matter jurisdiction, which will be heard by the Court on April 4, 2008. If the Court grants the motion, there will be no need to for Real Parties to file claims and answers. If the Court denies the motion and retains jurisdiction, sufficient time will be necessary to permit the following events to occur: (1) a

motion to lift the stay under the savings to suitors clause; (2) full discovery of all issues pertaining to exoneration and limitation of liability; and (3) preparation for and the conduct of an adversarial trial on both exoneration and limitation of liability.

Real Parties' application has two parts.  First, it is requested that Real Parties' time to file claims and answers be extended until 20 days after the Court rules on Real Parties' motion to dismiss, which is set for hearing on April 4, 2008. Second, it is requested that the presently set dates for response, reply, and hearing be vacated and new dates set or, preferably, a scheduling conference be ordered to occur after the ruling on the motion to dismiss in order to schedule the case to permit a motion to lift the stay, to complete discovery, and prepare for trial.

While there is no good reason to rush these proceedings, there is every good reason not to.

**2.   PROCEDURAL HISTORY**

On July 29, 2007, Haley Colombo and Jessica Slagel, both minors, suffered serious orifice injuries when they were thrown from a jet ski which was owned by Movants Mission Bay Jet Sports and Robert Adamson and operated by employee Brett Kohl.

On October 9, 2007, Real Parties filed a complaint for damages in San Diego Superior Court against Mission Bay Jet Sports, Adamson, and Kohl, alleging four causes of action against each defendant under California law.  The complaint was served and discovery commenced but did not get very far.

///

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1     In late January 2008, Movants filed in this Court a
2 Complaint for Exoneration From or Limitation of Liability.  The
3 complaint seeks this Court's determination that Movants be
4 totally exonerated from all liability for the incident or, in the
5 alternative, that Movants' liability be limited to the purported
6 value of the jet ski, which is the grand sum of $6,005.
7 (Complaint prayer p.5)
8      On February 4, 2008, Movants filed with the Court an Ex
9 Parte Application For Issuance of Injunction Staying Underlying
10 Action. This document has never been served on Real Parties or
11 their counsel and was recently obtained from the Court's files
12 on-line. On February 7, 2008, the Court granted Movants' *ex parte*
13 application and "provisionally" enjoined  prosecution of the
14 state action. The Court's order requires real parties to file
15 claims and answers no later than March 28, 2008, and made the
16 following scheduling order: Movants' response is due no later
17 than April 18, 2008, Claimants' reply is due no later than May 2,
18 2008, and hearing is set for May 16, 2008, at 2:00 p.m.
19      On February 27, 2008, Real Parties filed a motion to dismiss
20 the complaint for lack of subject matter jurisdiction.  The Court
21 set hearing on that motion for April 4, 2008, which is one week
22 after the date upon which Real Parties' claims and answers are
23 now due.
24      Good cause exists to continue the dates for the filing of
25 claims and answers until after the Court's ruling on the motion
26 to dismiss, to vacate the remaining schedule, and to order a
27 scheduling conference or otherwise to set a reasonable schedule
28 for the litigation of this case.

TOSDAL, SMITH, STEINER
& WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

3. **GOOD CAUSE EXISTS TO CONTINUE THE DATES FOR REAL PARTIES TO FILE CLAIMS AND ANSWERS UNTIL AFTER THE RULING ON THE MOTION TO DISMISS**

Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that a claimant file and serve a claim and answer on or before a date set by the Court. The rules do not otherwise specify a time when claims and answers must be filed. Claims must be fact specific. "Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." (Supp. Rule F(5))

Unless in conflict with a Supplemental Rule, the Federal Rules of Civil Procedure apply to actions for exoneration from or limitation of liability. (Supp. Rule A) F.R.C.P. Rule 12(a)(4) extends the time to file a responsive pleading, including an answer, until ten days after a court rules on a Rule 12 motion or "[u]nless a different time is fixed by court order."

It makes little sense to require Real Parties to file their claims and answers before the Court rules on their motion to dismiss for lack of subject matter jurisdiction. If that motion is granted, the need for fact specific claims and answers will be gone. If the motion is denied, the requested 20 days gives Real Parties the necessary time to prepare fact specific claims and answers in compliance with Supplemental Rule F(5).

Good cause exists to continue the dates for Real Parties to file claims and answers.

///

///

///

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

4

CASE NO. 08cv0146JM(CAB)

## 4. GOOD CAUSE EXISTS TO VACATE THE PRESENT SCHEDULE AND ORDER A SCHEDULING CONFERENCE OR A NEW SCHEDULE

If contested, a complaint for exoneration from or limitation of liability is not a matter than can or should be litigated on an accelerated motion schedule. Movants seek to be exonerated from or have their liability limited to $6,005 for Real Parties' claims, which are in the seven figures for each girl.

If the Court finds it has jurisdiction, Real Parties intend to file their claims and answers and move the Court for an order lifting its stay of the state proceedings under the "savings to suitors" clause, 28 U.S.C. §1333(1), and deferring resolution of the Movants' complaint until completion of the state case. Lewis v. Lewis & Clark Marine, 531 U.S. 438,455-6 (2001); Odeco Oil and Gas Company, 4 F.3d 401, 405 (5th Cir. 1993) So long as Movants' claims to exoneration and limitation of liability are protected from execution of judgment by stipulation, the savings to suitors clause favors initial litigation of a case in a forum of the Real Parties' choice, which was the San Diego Superior Court. Ibid.

A contested complaint for exoneration from or limitation of liability requires full discovery and trial. See Walston v. Lambersten, 349 F.2d 660, 661 (9th Cir. 1965) In an admiralty proceeding in which a shipowner seeks to exonerate himself from liability or to limit his liability, the burden of proving negligence rests upon the claimant. Walston v. Lambersten, supra at 663.

Should this case remain in this Court after the motions to dismiss and to lift the stay of the state court action, Real Parties will need to conduct full discovery of all issues relevant to exoneration and limitation. The deposition of Robert

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1 Adamson together with an initial request for production of
2 documents have been noticed to occur on March 19, 2008. After
3 that deposition, Real Parties intend to conduct the following
4 additional discovery in preparation for the trial of this case:
5  • Interrogatories;
6  • Requests for admission;
7  • Depositions of the employees of Mission Bay Jet Sports,
8    including but not limited to Brett Kohl.  As of now,
9    Mr. Kohl declines to testify at deposition under a
10   claim of the privilege against self-incrimination. Real
11   Parties assert that this claim has been waived by Mr.
12   Kohl's disclosures, and Real Parties may need to move
13   the Court for an order compelling him to testify in
14   deposition;
15  • Depositions and/or other discovery from additional
16   witnesses, such as percipient witnesses, responding
17   police officers and emergency personnel, about the
18   practice of Mission Bay Jet Sports regarding use by
19   employees of its jet skis, the circumstances of the
20   incident, and relevant admissions that may have been
21   made;
22  • And followup document requests.
23     The trial of issues of exoneration and/or limitation are
24 likely to require expert testimony.  Sufficient time should be
25 permitted to identify, prepare, and depose expert witnesses.
26     The trial of these issues will take much longer than an
27 afternoon.  There will be significant credibility issues, which
28 the triers of fact will need to resolve.

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA 92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

6

CASE NO. 08cv0146JM(CAB)

These tasks, which are reasonable and necessary and to which the Real Parties are entitled under the discovery rules of the Federal Rules of Civil Procedure, will take far longer than permitted by the Court's accelerated schedule.  The stakes are high for these teenage girls, and justice requires that the matter be adjudicated with a reasonable and fair procedure.

Rather than set a future schedule upon *ex parte* application, it is more reasonable that a schedule be set by the Magistrate Judge following the Court's ruling on the motion to dismiss, should that motion be denied.

Good cause exists for the Court to vacate the present schedule, order a scheduling conference or otherwise set new dates which permit the case to be properly discovered and prepared.

**5.   Conclusion**

For the reasons set forth above, Real Parties request that the relief sought in the *ex parte* application be promptly granted.

Dated: March 12, 2008               By: s/ Thomas Tosdal
                                    Thomas Tosdal
                                    Attorneys for Real Parties
                                    Colombo and Slagel
                                    ttosdal@tosdalsmith.com

TOSDAL, SMITH, STEINER & WAX
600 B Street, Suite 2100
San Diego, CA  92101-4508
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

7
CASE NO. 08cv0146JM(CAB)