# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>             Movants. | CASE NO. 08cv0146 JM(CAB)<br><br>ORDER REQUESTING FURTHER BRIEFING |

Claimants Haley Colombo and Jessica Slagel (collectively "Claimants") move to dismiss the complaint on the ground that the court lacks admiralty jurisdiction over the action and, alternatively, that Mission Bay Jet Sports, LLC and Robert Adamson, individually and doing business as Mission Bay Jet Sports (collectively "Movants") fail to state a claim under the Limitation of Liability Act. Movants oppose the motion. As more fully set forth below, the court requests further briefing on the first prong of the so-called connection test developed by the Supreme Court in Sisson v. Ruby, 497 U.S. 358, 363 (1990) and Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531 (1995).

In broad brush, the first prong of the connection test requires Movants to establish that the general features of the incident has the potential to disrupt commercial marine commerce. Grubart, 513 U.S. at 534. As noted in Sisson, "protecting commercial shipping is at the heart of admiralty jurisdiction" and "'[n]ot every accident

1  in navigable waters that might disrupt maritime commerce will support federal
2  admiralty jurisdiction.'" Id. at 362.

3       The factual record submitted by the parties fails to address the general nature of
4  the accident. In particular, pertinent facts include the location of the accident, whether
5  the Coast Guard was summoned to the accident, the nature of the rescue efforts and the
6  potential impact on navigation caused by the accident. Further, the court requests
7  further submissions on the commercial maritime uses of that general area of Mission
8  Bay where the accident occurred.

9       Movants, as the parties who assert admiralty jurisdiction, shall file and serve the
10 requested briefing by May 9, 2008. Claimants may file a serve a response by May 23,
11 2008. This matter is set for oral argument on May 30, 2008 at 1:30 p.m.

12      **IT IS SO ORDERED.**
13 DATED: April 23, 2008

                                                              Hon. Jeffrey T. Miller
                                                               United States District Judge

17 cc:        All parties