1  Charles S. LiMandri, SBN 110841
   Sterling J. Stires, SBN 199218
2  LAW OFFICES OF CHARLES S. LiMANDRI, APC
   P.O. Box 9120
3  Rancho Santa Fe, California  92067
   Tel:  (858) 759-9930; Fax: (858) 759-9938
4
   Rocky K. Copley, SBN 101628
5  LAW OFFICE OF ROCKY K. COPLEY
   550 West "C" Street, Ste. 1150
6  San Diego, CA 92101
   Tel: (619) 232-3131; Fax: (619) 232-1690
7
   Attorneys for Movants MISSION BAY JET SPORTS, LLC
8  and ROBERT ADAMSON



9

10                    UNITED STATE DISTRICT COURT

11                    SOUTHERN DISTRICT OF CALIFORNIA

12  IN THE MATTER OF THE COMPLAINT )   CASE NO. 08cv0146 JM (CAB)
    OF MISSION BAY JET SPORTS, LLC; )
13  ROBERT ADAMSON, individually and )  NOTICE OF APPEAL TO THE UNITED
    d.b.a. MISSION BAY JET SPORTS, FOR )  STATES COURT OF APPEALS FOR THE
14  EXONERATION FROM OR               )   NINTH CIRCUIT
    LIMITATION OF LIABILITY,          )
15                                    )
           Limitation Petitioners.    )
16  _____    )

17       Limitation Petitioners, MISSION BAY JET SPORTS, LLC and ROBERT ADAMSON,

18  individually and doing business as MISSION BAY JET SPORTS (hereinafter collectively referred

19  to as "MISSION BAY JET SPORTS"), appeals to the United States Court of Appeals for the Ninth

20  Circuit from the final judgment of the district court, entered in this case on June 30, 2008, and all

21  interlocutory orders which gave rise to that judgment.  There are no related cases pending in the

22  Court of Appeals.  (Circuit Rule 28-2.6).

23
                                           LAW OFFICES OF CHARLES S. LiMANDRI, APC
24

25  DATED: July 7, 2008        By: _____
26                                  Sterling J. Stires, Esq., and
                                    Law Offices of Rocky K. Copley, Esq.
27                                  Attorneys for Plaintiffs MISSION BAY JET SPORTS,
                                    LLC and ROBERT ADAMSON
28

ORIGINAL

---
                           NOTICE OF APPEAL

                                                      CASE NO.: 08cv0146 JM (CAB)

## CERTIFICATE OF SERVICE

### In the Matter of the Complaint of Mission Bay Jet Sports, LLC

*U.S. District Court Case No.: 08 CV 0146 JM (CAB)*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT;**
- **REPRESENTATION STATEMENT; and**
- **CIVIL APPEALS DOCKETING STATEMENT.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Thomas Tosdal, Esq.<br>TOSDAL SMITH STEINER & WAX<br>401 West "A" Street, Ste. 320<br>San Diego, CA 92101<br>Tel: (619) 239-7200<br>Fax: (619) 239-6048<br>E-Mail: ttosdal@tosdalsmith.com<br>**Attorneys for Plaintiffs** | Rocky K. Copley, Esq.<br>LAW OFFICES OF ROCKY COPLEY<br>550 West "C" Street, Ste. 1150<br>San Diego, CA 92101<br>Tel: (619) 232-3131<br>Fax: (619) 232-1690<br>E-Mail: rkcopley@rkc-rocklaw.com<br>**Attorneys for Mission Bay Jet Sports, LLC and Robert Adamson** |

Paul Kissel, Esq.
BORTON PETRINI, LLP
1320 Columbia Street, Ste. 210
San Diego, CA 92101
Tel: (619) 232-2424
Fax: (619) 531-0794
**Attorneys for Defendant Brett Kohl**

■ **BY MAIL - as follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL - as follows:** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on July 7, 2008, at Rancho Santa Fe, California.

*/s/ Kathy Denworth*
Kathy Denworth

1

AO 450 Judgment in a Civil Case

# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

Mission Bay Jet Sports, LLC, Robert Adamson

V.

Unknown, H.C., J.S.

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER: 08cv146 JM (CAB)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

The court concludes that Movants fail to establish admiralty jurisdiction. Consequently, the court dismisses the complaint for lack of subject matter jurisdiction.

| June 30, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/M. Zvers
(By) Deputy Clerk
ENTERED ON June 30, 2008

08cv146 JM (CAB)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Movants. | CASE NO. 08cv0146 JM(CAB)<br><br>ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

Claimants Haley Colombo and Jessica Slagel (collectively "Claimants") move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction or, alternatively, that Mission Bay Jet Sports, LLC and Robert Adamson, individually and doing business as Mission Bay Jet Sports (collectively "Movants") fail to state a claim under the Limitation of Liability Act. Movants oppose the motion. For the reasons set forth below, the court grants the motion to dismiss for lack of subject matter jurisdiction. The Clerk of Court is instructed to close the file.

## BACKGROUND

Movants commenced this action on January 24, 2008 requesting, among other things, that this court (1) limit their liability in a state court to the value of the Jet Ski involved in the incident at issue, $6,005, and (2) enjoin further prosecution of them in state court. Movants filed this complaint for exoneration and limitation of liability pursuant to the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §30501-30512

1  (the "Limitation Act"), Rule 9(h) of the Federal Rules of civil Procedure, and Rule F
2  of the Supplemental Rules for Certain Admiralty and Maritime Claims (the
3  "Supplemental Rules"). In conjunction with the complaint, Movants filed a stipulation
4  of value for the Jet Ski in the amount of $6,005 and deposited this amount with the
5  Court Clerk.

6        Movants are named as defendants in a state court action entitled <u>Colombo v.
7  Kohl</u>, Case No. 37-2007-00077350-CU-PO-CTL ("State Action"). Movants allege that
8  on July 29, 2007 an employee of Mission Bay Jet Sports, Brett Kohl, removed a jet ski
9  from the premises without their knowledge or consent. (Compl. ¶¶ 6, 7). The employee
10 then met some friends and provided jet ski rides to Claimants on Mission Bay,
11 navigable waters located within San Diego County. (Compl. ¶11). An accident
12 occurred injuring Claimants, (Compl. ¶9), and the guardians for them filed suit in state
13 court against Brett Kohl and Movants herein. (Compl. ¶16). By means of this action,
14 Movants seek to limit their liability to the value of the Jet Ski involved in the accident.
15 (Compl. at p.7:7-17).

16       In the State Action, Claimants allege four causes of action: (1) Movants
17 authorized and ratified Kohl's negligent operation of the Sea Doo and failed to
18 provided the water ski with adequate safety equipment; (2) negligent entrustment; (3)
19 negligent supervision of Kohl; and (4) misrepresentation. (Claimant's Exh. 4).

20       On February 7, 2008 this court granted Movants <u>ex parte</u> application to stay the
21 State Action and required Movants to provide notice to all interested parties. Claimants
22 now move to dismiss the complaint for lack of subject matter jurisdiction or,
23 alternatively, to dismiss the Limitation of Liability claim. Following an initial review
24 of the papers submitted, on April 24, 2008, the court requested further development of
25 the factual record. Movants oppose all motions.

26 **DISCUSSION**
27 **Legal Standards**
28       Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a complaint

1  may be dismissed for "lack of jurisdiction over the subject matter." Fed.R.Civ.P.
2  12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, "no
3  presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed
4  material facts will not preclude the court from evaluating for itself the merits of
5  jurisdictional claims." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).
6  Attacks challenging the subject matter jurisdiction of the court can be either facial or
7  factual, allowing "the court to look beyond the complaint." Savage v. Glendale Union
8  High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Once the moving party has
9  converted the motion to dismiss into a factual motion by presenting affidavits or other
10 evidence properly brought before the court, the party opposing the motion must furnish
11 affidavits or other evidence necessary to satisfy its burden of establishing subject matter
12 jurisdiction." Id.

**Subject Matter Jurisdiction**

Claimants move to dismiss the complaint on the ground that Movants fail to establish admiralty jurisdiction. Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1); see also U.S. Const. art. III, § 2. A party seeking to invoke federal maritime jurisdiction over a tort claim must satisfy both a location test and a connection test. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531 (1995). The location test focuses on "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." Grubart, 513 U.S. at 534; Gruver v. Lesman Fisheries Inc., 489 F.3d 978, 982 (9th cir. 2007). The connection test has two prongs, each of which must be met for admiralty jurisdiction to be proper: "A court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce [.]" Grubart, 513 U.S. at 534; Gruver, 489 F.3d at 982. The second prong examines "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Grubart, 513 U.S. at 534;

1 | Gruver, 489 F.3d at 982.

2 | Claimants challenge each element of admiralty jurisdiction.

3 | <u>The Location Test</u>

4 | Claimants contend that the portion of Mission Bay where the incident occurred
5 | is not navigable waters within the meaning of the location test. Claimants argue that
6 | that portion of Mission Bay is reserved for the use of personal water craft and therefore
7 | not capable of use as a waterway in interstate or foreign commerce. This argument is
8 | not persuasive.

9 | The traditional domain of admiralty jurisdiction is the sea, including waters
10 | within the ebb and flow of the tide. <u>Complaint of Paradise Holdings, Inc.</u>, 795 F.2d
11 | 756, 759 (9th Cir.), <u>cert. denied</u>, 479 U.S. 1008 (1986). In <u>Paradise Holdings</u>, the
12 | claimants moved to dismiss the action for lack of subject matter jurisdiction arguing
13 | that the location of the accident was not navigable for purposes of establishing
14 | admiralty jurisdiction "[b]ecause of shallow water, reefs and state regulations
15 | prohibiting boating in the area" <u>Id.</u> The Ninth Circuit concluded that the accident
16 | occurred in waters "clearly subject to the ebb and flow of the tides. Throughout the
17 | nation's history, tidal waters have been held to be within the definition of 'navigable
18 | waters.'" <u>Id.</u> The Ninth Circuit then held "that in tidal waters, the ebb and flow of the
19 | tides remains the standard" for establishing navigable waters.

20 | Here, it is undisputed that the accident occurred in Mission Bay, within the ebb
21 | and flow of the tidal waters of the Pacific Ocean. Consequently, the waters at issue are,
22 | as a matter of law, navigable for purposes of establishing admiralty jurisdiction. The
23 | court notes that Claimants' reliance on authorities construing the term "navigability"
24 | in the context of inland waterways is misplaced. <u>See</u> <u>The Daniel Ball</u>, 77 U.S. (10
25 | Wall.) 557, 563, 19 L.Ed. 999 (1871); <u>Adams v. Montana Power Company</u>, 528 F.2d
26 | 437 (9th Cir. 1975); <u>H20 Houseboat Vacations, Inc. v. Hernandez</u>, 103 F.3d 914 (9th Cir.
27 | 1996); <u>Fun Time Boat Rental & Rental Storage</u>, 431 F.Supp. 2d 993 (D.Ariz. 2006).

28 | In sum, the court concludes that the incident occurred on navigable waters for

1  purposes of establishing admiralty jurisdiction.

2  <u>The Connection Test</u>

3  The first prong of the connection test requires Movants to establish that the
4  general features of the incident have the potential to disrupt commercial marine
5  commerce. <u>Grubart</u>, 513 U.S. at 534. As more fully described in <u>Sisson v. Ruby</u>, 497
6  U.S. 358, 363 (1990):

> We determine the potential impact [on maritime commerce] of a given type of incident by examining its general character. The jurisdictional inquiry does not turn on the actual effects on maritime commerce . . . ; nor does it turn on the particular facts of the incident . . . . Rather, a court must assess the general features of the type of incident involved to determine whether such an incident is likely to disrupt commercial activity.

11 The incident is viewed at an "intermediate level of possible generality." <u>Grubart</u>, 513
12 U.S. at 538. That is, whether, in general, the type of incident at issue may disrupt
13 maritime commerce. In <u>Grubert</u>, the Supreme Court rejected a limitation on admiralty
14 jurisdiction over land-based injuries caused by a vessel operating in navigable waters.
15 The claim involved pile-driving activity from a barge operating in the Chicago River.
16 Several months after the pile-driving activity, water entered an allegedly improperly
17 maintained freight tunnel running under the river which led to the flooding of many
18 buildings in the Chicago Loop area. In applying the disruption prong, the Supreme
19 Court asked "whether the incident could be seen within a class of incidents that posed
20 more than a fanciful risk to commercial shipping." <u>Id.</u> at 539.

21 The Supreme Court defined the general feature of the incident as "damage by a
22 vessel in navigable water to an underwater structure." <u>Id.</u> So characterized, the
23 Supreme Court noted potential maritime disruption consisting of (1) disruption to the
24 water course itself in that an eddy formed above the leak and (2) potential restrictions
25 on the navigational use of the waterway during required repairs. <u>Id.</u> As such, the
26 plaintiffs satisfied the disruption prong.

27 The court concludes that the general features of the incident at issue lack the
28 requisite connection to disrupt maritime commerce. The general features of the incident

involve injuries to passengers arising from a single recreational vessel accident on navigable waters in an area closed to commercial shipping. Claimants fell off the vessel while recreating. Here, importantly, the accident occurred in a cul-de-sac area of Mission Bay reserved for personal water craft ("PWC"). (Movants's Supp. Exh. 2). The area where the accident occurred is only open to personal water craft, and a buoy line is strung across the South Pacific Passage to indicate the PWC area. (Movant's Supp. Exh. B at pp. 7:20-9:24). There are no buildings, structures, docks, wharfs, or commercial establishments on the shores of the PWC area. (Supp. Strobel Decl. ¶3). No commercial shipping occurs in this isolated and shallow portion of Mission Bay. All establishments that rent jet skis are located outside the boundaries of Mission Bay Park. (Id. ¶5).

Although not fully flushed out by the parties, "[c]ommerce for the purpose of admiralty jurisdiction means activities related to the business of shipping." Stanfield v. Shellmaker, Inc., 869 F.2d 521, 524 (9th Cir. 1989) (quoting Adams v. Montana Power Co., 528 F.2d 437, 439 (9th Cir. 1975)). There are simply no identified facts that the incident has a potential to impact maritime commerce in the sense that no commercial related shipping activities occur in the PWC area. The reasons offered by Movants in support of the connection prong are too tenuous to support admiralty jurisdiction. As noted in Sisson, "protecting commercial shipping is at the heart of admiralty jurisdiction" and "'[n]ot every accident in navigable waters that might disrupt maritime commerce will support federal admiralty jurisdiction.'" Id. at 362 (quoting Foremost, 457 U.S. at 675 n. 5). To warrant jurisdiction, the tortfeasor's activity must be "so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply." Id. at 539. Here, any impact on maritime commerce is speculative at best and does not satisfy the test articulated in Sisson that the incident at issue "is likely to disrupt commercial activity." 497 U.S. at 363.

Movants argue that the following facts support the connection prong of admiralty

jurisdiction test: passengers being thrown into navigable waters; following the accident, the inability to rent the jet ski at issue because of its impoundment; other boating accidents in the past have led to the temporary closure of the PWC area; Officer Oliver spent two to three days preparing the accident report; and a response by a Harbor Patrol boat with flashing blue lights may result in other vessels altering their course and reducing their speed. (Movant's Suppl. at pp. 5-8). More specifically, Movants argue that the "mere fact that passengers were overboard in an emergency situation, such as the present matter, by itself has the potential to disrupt maritime commerce." (Suppl. Memo at p.8:4-5). In Taghadomi v. United States, 401 F.3d 1080 (9th Cir. 2005) two kayakers overturned their kayak in the open ocean off the coast of Maui. An individual on shore noticed the incident and reported it to the Coast Guard. The survivor of the incident brought two claims against the Coast Guard for negligent rescue and for failure-to-communicate with other first responders who could have responded to the accident. The Ninth Circuit generally described the incident as "injury to boaters whose vessel capsizes at sea because of a potential rescuer's negligence in carrying out its rescue operation." Id. at 1086. There the Ninth Circuit concluded that potential search-and-rescue operations (whether by the Coast Guard of commercial vessels responding to a call for aid) bear a significant relationship to traditional maritime activities and therefore the connection test for admiralty jurisdiction was satisfied. Id. at 1087.

Here, in contrast to Taghadomi, the accident occurred in an area close to shore and Claimants received medical treatment from land-based medics, and not by means of a Coast Guard response. While the law of "admiralty has always sought to encourage and induce men of the sea to go to the aid of life and property in distress," Berg v. Chevron U.S.A., 759 F.2d 1425, 1429 (9th cir. 1985), an area closed to commercial shipping is not subject to search and rescue efforts by commercial vessels and therefore there is no potential to disrupt maritime commerce. The court concludes that Taghadomi and Foremost Ins. Co. v. Richardson, 457 U.S. 668 (1982)(following collision of two pleasure craft at the mouth of the St. Lawrence Seaway, maritime

commerce may be disrupted) are not persuasive under the present circumstances because both <u>Taghadomi</u> and <u>Foremost</u> involved the potential to disrupt shipping, whether in the St. Lawrence Seaway or in the ocean off Hawaii. Here, in contrast, no shipping related activities occur in the area of the accident and there is no possibility that commercial shipping vessels could ever respond to a maritime incident in the PWC area of Mission Bay. Accordingly, any potential disruption to maritime commerce is insufficient to establish admiralty jurisdiction and the connection or nexus requirement is absent in the present case.

In sum, the court concludes that Movants fail to establish admiralty jurisdiction. Consequently, the court dismisses the complaint for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: June 30, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals  **Date:** 07/9/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Mission Bay Jet Sports, LLC, et al v. H.C., J.S.

U.S.D.C. No.: 08cv146 JM (CAB)   U.S.D.C. Judge: Jeffrey T. Miller

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 6/30/2008

Notice of Appeal Filed: 7/7/2008

Court Reporter: Debra Henson

COA Status:  [ ] Granted in full/part (appeal only)   [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:  [x] Paid   [ ] Not Paid   [ ] No Fee Required

USA/GOVT. APPEAL:  [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?   [ ] Yes   [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Sterling J Stires
Law Offices of Charles S LiMandri

PO Box 9120
Rancho Santa Fe, CA 92067

(858) 759-9930

**Appellee Counsel:**

Thomas Lee Tosdal
Tosdal Smith Steiner and Wax

600 B Street
Suite 2100
San Diego, CA 92101

(619) 239-7200

Counsel Status:  [x] Retained   [ ] Appointed   [ ] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: n/a

Bail: _____
Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | | |
|---|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) | |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) | |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) | |
| x | Docket Entries (Appellant and Appellee) | |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) | |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) | |
| | Magistrate Judge's Report and Recommendation | |
| | COA Order | |
| | F/P Order | |
| | Minute Order | |
| x | Other: Clerk's Judgment entered 6/30/2008, Order Granting Motion to Dismiss entered 6/30/2008 | |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                               **L. Hammer**
_____                    _____
Deputy's Name                                                    Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:   08cv146 JM (CAB)**
      **In Re: Mission Bay Jet Sports, LLC, et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| x | Copy of the Notice of Appeal | | x | | Docket Entries |
|---|---|---|---|---|---|
| x | Case Information/Docket Fee Payment Notification Form | | | | |
|   | Order for Time Schedule (Criminal) | | | | |
|   | Original Clerk's Record in | | set(s) of | | volume(s). |
|   | Reporter's transcript's transcripts in | | set(s) of | | volume(s). |
|   | Exhibits in | envelope(s) | | box(es) | | folders(s) |
| x | Judgement Order | | | | F/P Order |
|   | CJA Form 20 | | | | Minute Order |
|   | Certificate of Record | | | | Mandate Return |
|   | Magistrate Judge's Report and Recommendation | | | | |
|   | COA Order | | | | |
|   | Amended docket fee notification form | | | | |
|   | Order Appointing Counsel for Appeal | | | | |
| x | Order entered 6/30/2008, Civil Docketing & Representation Statement (1 Original, 1 Copy) | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date:   07/9/08            By:_____**L. Hammer**_____
                           Lauren Hammer, Deputy