THOMAS TOSDAL, ESQ.
State Bar No. 067834
ANGELA JAE, ESQ.
State Bar No. 248571
TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Fax: (619) 239-6048

Attorneys for Haley Colombo and Jessica Slagel

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>        Petitioners. | CASE NO. 08cv0146JM(CAB)<br><br>REAL PARTIES' OPPOSITION TO MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL<br><br>Date:   August 29, 2008<br>Time:   1:30 p.m.<br>Dept:   16<br>Judge:  Hon. Jeffrey T. Miller |

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

CASE NO. 08cv0146JM(CAB)

**TABLE OF CONTENTS**

Page

1. PETITIONERS' MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL MUST BE DENIED . . . . . . . . . . . . . . . 1

2. STATEMENT OF PROCEEDINGS . . . . . . . . . . . . . . . . . 2

3. THIS COURT HAS NO JURISDICTION TO DECIDE PETITIONERS' MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . 4

5. PETITIONERS WILL NOT SUCCEED ON APPEAL . . . . . . . . . . 4

6. THE BALANCE OF HARDSHIPS TIP SHARPLY IN REAL PARTIES' FAVOR . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7. NO PUBLIC INTEREST IS FURTHERED BY GRANTING THE STAY . . 11

8. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 12

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

i   CASE NO. 08cv0146JM(CAB)

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                                 <u>Page</u>

Adees Corp. v. Avis Rent A Car System, Inc., 2004 U.S.
Dist. LEXIS 27329, p.3-4 (C.D. Cal, 2004) . . . . . . . . . 9, 12

Democratic National Comm. v. Watada, 198 F.Supp. 2d 1193,
1195 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Foremost v. Richardson, 457 U.S. 668 (1982) . . . . . . . . 4, 6

Gibson v. U.S., 761 F.Supp. 685, 692 (C.D. Cal. 1991) . . . . 10

Hilton v. Braunskill, 481 U.S. 770, 776 (1987) . . . . . . . . 4

Jerome B. Grubart, Inc. V. Great Lakes Dredge & Dock Co.,
513 U.S. 527, 531 (1995) . . . . . . . . . . . . . . . . . 5, 7

Los Angeles Memorial Colisum Commission v. NFL, 634 F.2d
1197, 1202 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . 9

Moreno-Padilla v. United States, 1994 U.S. Dist. LEXIS
19002, p.4-7 (E.D. Cal, 1994) . . . . . . . . . . . . . . . 9, 10

Rosco, Inc. v. TIG Insurance, et al., 1997 U.S. Dist.
LEXIS 2776, p. 4-5 . . . . . . . . . . . . . . . . . . . . . . 9

Sampson v. Murray, 415 U.S. 61, 90 (1974) . . . . . . . . . . . 9

Sisson v. Ruby, 497 U.S. 358, 362 (1990) . . . . . . . . . . 5-7

Taghadomi v. United States, 401 F.3d 1080 (9th Cir. 2005) . . 6-8


<u>Statues</u>

F.R.C.P. Rule 62 . . . . . . . . . . . . . . . . . . . . 1, 3, 12

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1. **PETITIONERS' MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL MUST BE DENIED**

Petitioners impermissibly request this Court grant their motion to stay when the Court does not have jurisdiction over this case. This Court has dismissed this case for lack of subject matter jurisdiction and has no authority to essentially stay enforcement of the state court proceedings. F.R.C.P. Rule 62 does not grant the Court authority to enter the requested stay, because Real Parties are not seeking to enforce a judgment and none of the other conditions specified for a stay in Rule 62 apply.

Even if this Court had jurisdiction or the authority to grant the requested stay, it must deny Petitioners' motion to stay enforcement of judgment pending appeal. It is highly unlikely that Petitioners will succeed on appeal because they cannot show that this incident, which involves "injuries to passengers arising from a single recreational vessel accident on navigable waters in an area closed to commercial shipping" has the potential to disrupt maritime commerce that is necessary to establish admiralty jurisdiction. (Opinion, 5:28-6:2).

Petitioners have also failed to adequately demonstrate irreparable injury if the stay is denied. Any injury Petitioners may suffer can be adequately compensated by money damages and therefore, the injury is not irreparable. Further, it is unlikely that a judgment will be rendered in the state court proceedings before the appellate court issues its decision in this case given that a trial date has not been set, little discovery has been conducted, and two defendants have yet to be served.

///

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

But issuing a stay will prejudice Real Parties in Interest Haley Colombo and Jessica Slagel because the state proceedings against Petitioners will be further delayed. The state action against Petitioners has already been delayed for five months as a result of the petition. The public interest is served by denying the stay in order to ensure that persons injured by another person's wrongful acts may seek judicial recourse in an efficient and expedient fashion.

For all these reasons, Petitioners' motion to stay entry of judgment pending appeal must be denied.

## 2. STATEMENT OF PROCEEDINGS

On October 9, 2007, Real Parties in Interest Colombo and Slagel, by and through their guardians *ad litem* Sam Colombo (father) and Joy Slagel (mother), filed an action for damages in the San Diego Superior Court. Three defendants are named in the state complaint – Brett Kohl, the operator of the jet ski, Mission Bay Jet Sports, Kohl's employer, and Robert Adamson, the owner of the jet ski and owner and operator of Mission Bay Jet Sports.

On January 24, 2008, Petitioners filed in this Court their complaint and *ex parte* request for a stay of the state proceedings without notice to Colombo, Slagel, or their counsel. On February 7, 2008, this Court granted a stay of the state proceedings as to Petitioners and set a schedule for further proceedings, which was served on Colombo, Slagel, and their counsel.

Real Parties filed a motion to dismiss Petitioners' complaint for lack of subject matter jurisdiction on February 26, 2008. After initial briefing by both parties, on April 24, 2008, this Court requested further development of the factual record. On

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1 June 30, 2008, Petitioner's complaint was dismissed for lack of
2 subject matter jurisdiction.

3 Petitioners filed a notice of appeal on July 7, 2008, and
4 their appellant's brief is due to be filed in the Ninth Circuit on
5 October 22, 2008. Petitioners filed this motion to stay entry of
6 judgment pending appeal on July 18, 2008.

7 **3.  THIS COURT HAS NO JURISDICTION TO DECIDE PETITIONERS' MOTION**

8 Petitioners' motion to stay enforcement of judgment must be
9 denied because this Court has no jurisdiction over this case.  See
10 <u>Democratic National Comm. v. Watada</u>, 198 F.Supp. 2d 1193, 1195
11 (motion to stay denied after the court dismissed the complaint for
12 lack of jurisdiction).  This Court has dismissed this case for lack
13 of subject matter jurisdiction and cannot essentially stay the
14 state court proceedings when it has no jurisdiction to do so.

15 F.R.C.P. Rule 62 does not give the Court the authority to
16 grant the stay because Rule 62 does not grant jurisdiction,
17 Petitioners are not seeking to enforce or execute a judgment (Rule
18 62(a)), and this case does not meet any of Rule 62's other terms.
19 Specifically, Petitioners are not seeking a stay pending
20 disposition of a motion for new trial or judgment (Rule 62(b)),
21 stay of injunction pending appeal (Rule 62(c)), a stay with bond
22 upon appeal (Rule 62(d)), a stay of judgment debtor under state law
23 (Rule 62(e)), or a stay with multiple claims or parties (Rule
24 62(h)). Fed. R. Civ. Proc. Rule 62. Accordingly, Rule 62 does <u>not</u>
25 provide this Court with discretion to stay entry of judgment
26 pending appeal of a dismissal order for lack of subject matter
27 jurisdiction.
28 ///

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

3    CASE NO. 08cv0146JM(CAB)

1     Petitioners' motion to stay must be denied because this Court
2 has no jurisdiction over this case.

**4.  LEGAL STANDARD**

    Even if this Court had jurisdiction to hear Petitioners' motion, Petitioners are not entitled to a stay of enforcement of judgment pending appeal. This court is only empowered to grant a discretionary stay based on the following factors: (1) the likelihood of Petitioners' success on appeal; (2) whether Petitioners will suffer irreparable injury if the stay is denied; (3) the balance of hardships between the parties; and (4) the public interest. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). These four factors are considered on a continuum:

> "At the one end of the continuum, the *moving party is required to show* both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the *moving party must demonstrate* that serious legal questions are raised and that the balance of hardships tips sharply in its favor. The relative hardship to the parties is the critical element in deciding at which point along the continuum a stay is justified." <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983), emphasis added.

**5.  PETITIONERS WILL NOT SUCCEED ON APPEAL**

    Petitioners have not shown a strong likelihood of success on appeal great enough to merit a stay. First, this Court's one-sentence reference to <u>Foremost v. Richardson</u>, 457 U.S. 668 (1982) in its eight-page order is insufficient to warrant reversal of the dismissal. Petitioners' desperate claim that they will succeed on appeal because "this Court apparently misunderstood the facts of one of its key authorities, <u>Foremost v. Richardson</u>, 457 U.S. 668 (1982)," is without merit. (Def mtn 3:4-5). Petitioners' reliance on <u>Foremost</u> is misplaced because that case was decided before

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  Jerome B. Grubart, Inc. V. Great Lakes Dredge & Dock Co., 513 U.S.
2  527, 531 (1995), and Sisson v. Ruby, 497 U.S. 358, 362 (1990), and
3  not a key authority relied on by the Court in its order of
4  dismissal.
5      The order dismissing Petitioners' complaint for lack of
6  admiralty jurisdiction is well reasoned and supported by the law.
7  The Court dismissed this case because Petitioners failed to satisfy
8  the second prong of the two-part test supporting application of
9  federal admiralty jurisdiction: (1) the location test; and (2) the
10 connection tests. Grubart, 513 U.S. at 531.  The court held that
11 Petitioners satisfied the location test but failed to satisfy the
12 connection test, e.g. that the general features of the type of
13 incident involved had a potentially disruptive impact on maritime
14 commerce. Id. at 534.  Specifically, this Court properly found
15 "that the general features of the incident at issue lack the
16 requisite connection to disrupt maritime commerce." (Order 5:27-
17 28).
18     Relying on the Supreme Court's rationale in Grubart, this
19 Court described the general features of this incident as one
20 "involv[ing] injuries to passengers arising from a single
21 recreational vessel accident on navigable waters in an area closed
22 to commercial shipping." Id. at 5:28-6:2.  This case was dismissed
23 because "any impact on maritime commerce is speculative at best and
24 does not satisfy the test articulated in Sisson that the incident
25 at issue 'is likely to disrupt commercial activity.'" Id. at 6:27-
26 26.  The Court found that the reasons provided by Petitioners were
27 "too tenuous to support admiralty jurisdiction." Id. at 6:17-19.
28 ///

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1    The Court's parenthetical reference to <u>Foremost</u> in its order
2 (p.7 lines 27-8) in relation to a collision of two pleasure craft
3 "at the mouth of the St. Lawrence Seaway" was neither error nor
4 critical to the Court's analysis.  In <u>Foremost</u>, the Supreme Court
5 posited the disruption of commerce if two boats collided at the
6 mouth of the St. Lawrence Seaway.  <u>Foremost v. Richardson</u>, <u>supra</u> at
7 675. The Court's order referenced <u>Foremost</u>  and <u>Taghadomi v. United
8 States</u>, 401 F.3d 1080 (9th Cir. 2005), which were relied on by
9 Petitioners in their opposition papers, as "not persuasive under
10 the present circumstances because both <u>Taghadomi</u> and <u>Foremost</u>
11 involved the potential to disrupt shipping," whereas this incident
12 did not. (Order, 7:26-8:3). The Court found that unlike <u>Foremost</u>
13 and <u>Taghadomi</u>, "no shipping related activities occur in the area of
14 the accident and there is no possibility that commercial shipping
15 vessels could ever respond to a maritime incident in the PWC area
16 of Mission Bay." (<u>Id</u>. at 8:3-8).  The Court properly found that
17 "any potential disruption to maritime commerce is insufficient to
18 establish  admiralty  jurisdiction  and  the  connection  or  nexus
19 requirement is absent in the present case." (<u>Id</u>. at 8:6-8).

20    The Court's finding that the incident occurred on "navigable
21 waters," satisfying the location test, but then finding that the
22 incident failed the connection test is neither counterintuitive nor
23 inconsistent with the law as Petitioners erroneously assert. (Mtn
24 4:15-24).  It is well established that not every accident that
25 occurred in navigable waters will support federal admiralty
26 jurisdiction. <u>Sisson v. Ruby</u>, 497 U.S. 358, 362 (1990).

27    Petitioners are wrong in claiming that this Court erred by
28 analyzing "the location of the incident, rather than the incident

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  itself in the 'nexus' test." (Mtn 4:15-16). In determining the
2  general features of an incident under the "nexus" test, describing
3  the nature of the incident to an intermediate level of generality
4  requires inclusion of some particularity about the incident and the
5  type of location where the incident occurred. <u>Sisson</u>, 497 U.S. at
6  362 ("a fire that began on a non-commercial vessel at a marina
7  located on a navigable waterway"); <u>Grubart</u>, 513 U.S. at 539 (damage
8  by a vessel in navigable water to an underwater structure).

9      Here, the "general features" of the incident were properly
10 analyzed under the connection test because this Court looked with
11 some particularity to the type of location where the incident
12 occurred. The Court determined that the accident had no potential
13 to disrupt maritime commerce because: (1) it occurred in a cul-de-
14 sac area of Mission Bay reserved for PWC; (2) there are no
15 buildings, structures, docks, wharfs, or commercial establishments
16 on the shores of the PWC area; (3) no commercial shipping occurred
17 in the isolated and shallow portion of Mission Bay (or on Mission
18 Bay at all); and (4) "all establishments that rent jet skis are
19 located outside the boundaries of Mission Bay Park." (Order, 6:3-
20 11). Petitioners simply could not establish that the incident
21 could potentially disrupt maritime commerce.

22     Accordingly, the Court did not "inappropriately allow[] local
23 boating restrictions (the current use of the PWC area exclusive to
24 PWCs) to guide its analysis of federal admiralty jurisdiction."
25 (Mtn 5:15-17). The reference to the exclusive PWC area was made to
26 distinguish this case from <u>Taghadomi</u>, which applied admiralty
27 jurisdiction over the incident in that case because the Coast Guard
28 responded to the incident and caused a disruption in maritime

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

7    CASE NO. 08cv0146JM(CAB)

1  commerce. (Order, 7:20-22, citing <u>Taghadomi</u>, 401 F.3d at 1087).
2  The location of the incident in this case was properly referenced
3  to show that "an area closed to commercial shipping is not subject
4  to search and rescue efforts by commercial vessels and therefore
5  there is no potential to disrupt maritime commerce." (Order, 7:22-
6  27).

7  Petitioners' reliance on <u>Complaint of Paradise Holdings</u>, 795
8  F.2d 756, 759 (9th Cir. 1986), is misplaced. In <u>Paradise Holdings</u>,
9  a large wave pushed a cruise ship out of a deep water ocean channel
10 and into a shallow area restricted to swimming. This incident is a
11 far cry from a jet ski operating in an inland waterway cul de sac
12 restricted to personal watercraft where no commercial shipping
13 operates. <u>Paradise Holdings</u> held that the negligent operation of
14 the ship had a sufficient nexus to traditional maritime activity
15 because "the alleged wrong has a traditional 'maritime flavor'
16 sufficient to invoke this jurisdiction," mainly that:

> "The **function and role of the ship and its crew** were clearly maritime. **The type of vehicle involved was a ship.** Finally, injury was caused by **contact with the ship's propeller and resulted from allegedly negligent operation of the ship.**" <u>Id.</u> at 760, emphasis added.

20 Here, the vessel involved was a single personal water craft.
21 There was no ship or crew and the incident did not involve a ship's
22 propeller nor the negligent operation of a ship in the open ocean.
23 Rather, the incident was caused by the intentional and/or negligent
24 operation of a personal water craft on navigable waters in an area
25 closed to commercial shipping. (Order 5:28-6:1). Accordingly, the
26 Court properly concluded that "the connection or nexus requirement
27 is absent in the present case." (Order, 8:6-8). Petitioners have
28 failed to show a strong likelihood of success on appeal.

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

8                CASE NO. 08cv0146JM(CAB)

**6.   THE BALANCE OF HARDSHIPS TIP SHARPLY IN REAL PARTIES' FAVOR**

Petitioners have failed to show irreparable injury if a stay is denied. Petitioners' sole claim of irreparable injury is that "it may not be able to later recoup the money judgment if a federal court eventually finds that [Petitioners are] entitled to limit its liability," and Real Parties have already obtained a money judgment in state court. (Mtn 6:12-15). This argument is not well taken by the courts. See Rosco, Inc. v. TIG Insurance, et al., 1997 U.S. Dist. LEXIS 2776, p. 4-5 (party did not suffer irreparable injury where there was no guarantee of reimbursement should the appellate court overturn the order and judgment); See also Moreno-Padilla v. United States, 1994 U.S. Dist. LEXIS 19002, p.4-7 (E.D. Cal, 1994) (party did not suffer irreparable injury because any loss could be compensated through money damages in the event of a favorable ruling on appeal).

"The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Adees Corp. v. Avis Rent A Car System, Inc., 2004 U.S. Dist. LEXIS 27329, p.3-4 (C.D. Cal, 2004), citing Sampson v. Murray, 415 U.S. 61, 90 (1974). So long as the alleged injury may be compensable through monetary damages and can be readily calculated, it is not irreparable. Ibid. An injury is irreparable only "if it cannot be adequately compensated by money damages." Moreno-Padilla 1994 U.S. Dist. LEXIS 19002, p.4, (E.D. Cal, 1994), citing Los Angeles Memorial Colisum Commission v. NFL, 634 F.2d 1197, 1202 (9th Cir. 1980).

///

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1   Here, in the unlikely chance that Petitioners obtain a
2 favorable ruling on appeal and Real Parties obtained a money
3 judgment in state court before the appellate court decision,
4 Petitioners will be adequately compensated for any loss by money
5 damages, and therefore any potential injury is not irreparable.
6 <u>Ibid</u>. Petitioners' concern that they may not be able to later
7 "recoup the money judgment" is without merit unless there is
8 evidence that Real Parties have a pattern or practice of secreting
9 assets, which there is not. See <u>Moreno-Padilla</u>, 1994 U.S. Dist.
10 LEXIS 19002, p.7.

11   <u>Gibson v. U.S.</u>, 761 F.Supp. 685, 692 (C.D. Cal. 1991), relied
12 on by Petitioners, is inapposite. In <u>Gibson</u>, the plaintiffs filed
13 an action to enjoin the Internal Revenue Service ("IRS") from
14 collecting past due taxes, interest and penalties because the IRS
15 failed to provide plaintiffs with proper notice of deficiency. <u>Id</u>.
16 at 686. The court granted the injunction, finding that the
17 plaintiffs would be irreparably harmed if the injunction was not
18 granted and the plaintiffs were later forced to bring a refund
19 suit. <u>Id</u>. at 692. The court reasoned that the plaintiffs would
20 not be adequately compensated by money damages because they would
21 be subjected to increased tax liabilities, forfeitures, and
22 penalties resulting from early distribution of the retirement plan,
23 and sacrifices and hardships if forced to sell their home and other
24 belongings. None of the concerns in <u>Gibson</u> apply to this instant
25 case. Rather, Petitioners can be adequately compensated for any
26 loss by money damages and therefore any potential injury suffered
27 by them if the stay is denied is not irreparable.
28 ///

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1     Conversely, Real Parties will be deeply prejudiced should the Court issue the stay. Petitioners' dilatory tactics have effectively stalled any progress in the state court proceedings against them. Real Parties filed their personal injury action in state court on October 9, 2007. Approximately 10 months later, no trial date has been set. Discovery has just commenced against Petitioners because this Court stayed the state court action in February 2008 upon Petitioners' *ex parte* application and the stay has only been lifted for approximately one and a half months.

    But the time schedule on Petitioners' appeal has been set and decision on their appeal will likely be issued early next year, before any judgment on Real Parties' state proceedings will be entered against them. This Court must deny Petitioners' motion to stay entry of judgment in light of the prejudice to Real Parties and the minimal, if any, harm to Petitioners.

**7.  NO PUBLIC INTEREST IS FURTHERED BY GRANTING THE STAY**

    Petitioners fail to show a valid public interest in granting a stay. There is no risk of wasting public judicial resources if the stay is denied because Petitioners fail to show a strong likelihood of success on appeal. (See infra §4). This Court lacks jurisdiction over this case because Petitioners cannot demonstrate that the general features of this incident disrupted maritime commerce and therefore, "the connection or nexus requirement is absent in the present case." (Order, 8:6-8).

    Additionally, Petitioners' claim that the public has an interest to preserve harmony and uniformity in maritime matters lacks merit. This Court has already ruled that admiralty jurisdiction does not apply to this action and Petitioners fail to

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

show that this determination was wrong. (See <u>Adees</u>, 2004 U.S. Dist. LEXIS 27329, p. 5).

But a strong public interest exists in denying Petitioners' motion for stay. The public interest is served by ensuring that those injured by another person's wrongful acts have the opportunity to seek recourse for the wrong done to them in an efficient and expedient manner. Granting Petitioners' motion for stay will create a chilling effect on future litigants from turning to the judicial system to redress any injury suffered by them.

## 8. CONCLUSION

This Court must deny Petitioners' motion for stay of entry of judgment pending appeal. The Court does not have jurisdiction to make the requested order and Rule 62 neither grants the Court the authority nor does Rule 62 apply. Petitioners have failed to demonstrate the likelihood of success on appeal and they have not shown they will be irreparably injured if a stay is denied. Issuing a stay will prejudice Real Parties Colombo and Slagel because the state court action will be further delayed and no public interest will be served. For all these reasons, Real Parties respectfully request this Court deny Petitioners' motion for stay of enforcement of the judgment.

Date: <u>August 15, 2008</u>                TOSDAL SMITH STEINER & WAX

                                            /s/ Angela Jae
                                            Tom Tosdal
                                            Angela Jae
                                            Attorneys for Real Parties

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

12    CASE NO. 08cv0146JM(CAB)