# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>                                    Movants. | CASE NO. 08cv0146 JM(CAB)<br><br>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES; DENYING MOTION TO DISMISS PRAYER FOR PUNITIVE DAMAGES; DENYING MOTION TO STRIKE PRAYER FOR ATTORNEY'S FEES |

Plaintiffs-in-Limitation Mission Bay Jet Sports, LLC and Robert Adamson, individually and dba Mission Bay Jet Sports, move (1) to strike four of the eleven affirmative defenses; (2) to dismiss the prayer for punitive damages; and (3) to strike the demand for attorneys' fees. Claimants Haley Colombo and Jessica Slagel partially oppose the motions. Claimants Bombardier Recreational Products Inc. and BRP US Inc. (collectively "Bombardier") did not file a response to the motions. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to strike the eighth through eleventh affirmative defenses; denies the motion to dismiss the prayer for punitive damages; and denies the motion to strike the demand for attorney's fees.

## BACKGROUND

Plaintiffs-in-Limitation, or Movants, commenced this action on January 24, 2008 requesting, among other things, that this court (1) limit their liability in a state court action to the value of the Jet

1   Ski involved in the incident at issue, and (2) enjoin further prosecution of them in state court.

2   Movants filed this complaint for exoneration and limitation of liability pursuant to the Limitation of

3   Vessel Owner's Liability Act, ("LOLA") 46 U.S.C. §30501-30512, Rule 9(h) of the Federal Rules of

4   civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims

5   (the "Supplemental Rules").  In conjunction with the complaint, Movants filed a stipulation of value

6   for the Jet Ski in the amount of $6,005 and deposited this amount with the Court Clerk.

7        Movants are named as defendants in a state court action entitled Colombo v. Kohl, Case No.

8   37-2007-00077350-CU-PO-CTL ("State Action").  Movants allege that on July 29, 2007 an employee

9   of MBJS, Brett Kohl, removed a jet ski from the premises without their knowledge or consent.

10  (Compl. ¶¶ 6, 7).  The employee then met some friends and provided jet ski rides to Claimants on

11  Mission Bay, navigable waters located within San Diego County.  (Compl. ¶11).  An accident

12  occurred seriously injuring Claimants, (Compl. ¶9), and their guardians filed suit in state court against

13  the driver of the Jet Ski, Brett Kohl, and Movants herein.  (Compl. ¶16).  By means of this action,

14  Movants seek to limit their liability to the value of the Jet Ski involved in the accident.  (Compl. at

15  p.7:7-17).

16       On February 7, 2008 this court granted Movants ex parte application to stay the State Action

17  and required Movants to provide notice to all interested parties.  On June 30, 2008 the court

18  determined that the court lacked admiralty jurisdiction, lifted the stay, and dismissed the action.

19  Movants appealed and, meanwhile, Claimants continued to prosecute the State Action.  In February

20  2009 Claimants amended their state court complaint, joining Bombardier as a defendant and asserting

21  a products liability claim.[1]  On July 16, 2009 the Ninth Circuit issued its mandate reversing the district

22  court's jurisdictional determination.  On July 31, 2009,  Judge Bloom stayed the State Action.

23       On October 19, 2009 the court denied Movants's motion to dismiss for failure to state a claim

24  and ordered all interested parties to file a claim by November 6, 2009.  Movants and Bombardier are

25  the only parties to file a claim.  An evidentiary hearing to determine LOLA related issues is calendared

26  for June 7, 2010.

27

28       [1] In the amended complaint, Claimants allege one fraud and three negligence causes of action
against MBJS, Adamson and Kohl and a single products liability claim against Bombardier.

- 2 -                                            08cv0146

1   ///

2

3                                    **DISCUSSION**

4   **Legal Standards**

5          Rule 12(b)(6)

6          Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.

7   United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief

8   only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a

9   cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts

10  should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to

11  raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, __550 U.S. __, 127

12  S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled

13  to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more

14  than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not

15  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

16  acted unlawfully."  Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action,

17  supported by mere conclusory statements, do not suffice."  Id.  The defect must appear on the face of

18  the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.

19  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,

20  consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard

21  Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

22         Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

23  v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

24  courts must accept as true all material allegations in the complaint, as well as reasonable inferences

25  to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

26  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

27  motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

28         Rule 12(f)

1      Before responding to a pleading, Rule 12(f) permits a party to move to strike any "insufficient

2   defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f).  While

3   a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions

4   are generally disfavored because the motions may be used as delaying tactics and because of the

5   strong policy favoring resolution on the merits. See Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063

6   (8th Cir. 2000).   In order to grant a motion to strike, the "court must be convinced that there are no

7   questions of fact, that any questions of law are clear and not in dispute, and that under no set of

8   circumstances could the defense succeed." Systems Corp. V. AT&T, 60 F.R.D. 692, 294 (S.D.N.Y.

9   1973).

10  **The Rule 12(f) Motion to Strike Affirmative Defenses**

11     Plaintiffs-in-Limitation move to dismiss four of Claimants' affirmative defenses: (1) the eighth

12  affirmative defense alleging lack of subject matter jurisdiction; (2) the ninth affirmative defense

13  alleging that the Ski Doo at issue is not a vessel within the meaning of the LOLA; (3) the tenth

14  affirmative defense alleging that LOLA is unconstitutional and (4) the eleventh affirmative defense

15  alleging that the amount of security deposited with the court is inadequate.  Claimants only oppose

16  striking the ninth affirmative defense alleging that the Ski Doo at issue is not a vessel within the

17  meaning of the LOLA.

18     As a threshold issue, the court notes that a Rule 12(f) motion must be brought prior to

19  responding to the challenged pleading.  Fed.R.Civ.P. 12(f); Culinary & Service Employees Union,

20  AFL-CIO Local 555 v. Hawaii Employee Benefit Admin., Inc., 688 F.2d 1228, 1232 (9th Cir. 1982)

21  (district court erred in granting a Rule 12(f) motion after an answer had been filed to the complaint).

22  Here, Plaintiffs-in-Limitation filed an answer on November 30, 2009, prior to filing the present

23  motion, (Docket No. 68), and therefore the present motion is untimely.  Movants acknowledge that

24  the motion is untimely but request a ruling in order to streamline the scope of this action.

25     Here, notwithstanding Movants' untimely filing of the motion to strike, the court, consistent

26  with Rule 1's mandate to construe the Federal Rules of Civil Procedure to achieve a just, speedy, and

27  efficient resolution of the action, grants the motion to strike the ninth affirmative defense. Claimants

28  simply fail to raise any plausible argument that the Ski Doo at issue is not a vessel within the meaning

1    of the LOLA.

2         The term "vessel" is described as "every description of watercraft or other artificial

3    contrivance used, or capable of being used, as a means of transportation of water."  1 U.S.C. § 3.

4    Applying this same definition, the Eleventh Circuit concluded that a Ski Doo is a vessel for purposes

5    of the LOLA.  In re Keys Jet Ski, Inc., 8903 F.2d 1225, 1230 (11th Cir. 1990).  Similarly, the Ninth

6    Circuit has held that the LOLA extends to "private, non-commercial . . . 'pleasure boats' . . . ."  In re

7    Hechinger, 890 F.2d 202, 206 (9th Cir. 1989).  In light of these persuasive authorities, the court

8    concludes that the Ski Doo at issue is a vessel within the meaning of the LOLA.

9         In their opposition, Claimants argue that "there is a question of fact as to whether a personal

10   craft" like the Ski Doo at issue is a vessel within the meaning of the LOLA.  (Oppo. at p.3:16-17).

11   However, Claimants fail to identify any facts at issue with respect to whether or not the Ski Doo at

12   issue is a "vessel."  In the absence of any plausibly disputed facts or law, the court grants the motion

13   to strike the ninth affirmative defense.

14                **Rule 12(b)(6) Motion to Dismiss Prayer for Punitive Damages**

15        The court denies the motion for two initial failings.  First, Rule 12(b)(6) does not provide the

16   procedural mechanism to strike a prayer for punitive damages.  Massey v. Abanning Unified School

17   district, 256 F.Supp2d. 1090, 1092 (C.D. Cal. 2003).  Rule 12(f) is the procedural vehicle used to

18   strike the prayer for relief where such damages are not recoverable as a matter of law.  Wilkerson v.

19   Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (motion to strike appropriate procedural vehicle to

20   challenge prayer for punitive damages).  Second, Movants waived their right to bring a Rule 12(f)

21   motion by first filing an answer to the claim.  Fed.R.Civ.P. 12(f).

22        Moreover, as the parties do not dispute the availability of punitive damages under either

23   federal maritime or state law, the issue is better addressed in context of an evidentiary motion.

24   Accordingly, the motion to strike the prayer for punitive damages is denied.

25   **Rule 12(f) Motion to Strike Prayer for Attorney's Fees**

26        As with the other motions brought by Movants, they waived their right to bring a Rule 12(f)

27   motion by first filing a responsive pleading.  Fed.R.Civ.P. 12(f).  The general rule under federal

28   maritime law is that the "prevailing party in an admiralty case is generally not entitled to an award of

1  attorney's fees, absent statutory authorization." <u>B.P. North America Trading, Inc. v. Panama Nova</u>,

2  784 F.2d 975 (9th Cir. 1986). However, under certain extraordinary circumstances a party may recover

3  attorney's fees against dishonest or recalcitrant tortfeasors or parties acing in bad faith during the

4  litigation process. <u>Vaughn v. Atkinson</u>, 369 U.S. 527, 530-31 (1962).

5  Here, the court presently declines to rule on the prayer for attorney's fees until the parties have

6  had an adequate opportunity to conduct discovery and to raise the issue in the context of an

7  evidentiary motion. The parties do not dispute that the American rule on attorney's fees bars such

8  recover in the absence of extraordinary and egregious circumstances. Whether such supporting

9  circumstances exist or not must be viewed through an evidentiary lense. Consequently, the court

10 denies the motion without prejudice.

11 In sum, the court grants the motion to strike the eighth, ninth, tenth, and eleventh affirmative

12 defenses; denies the motion to dismiss the prayer for punitive damages; and denies the motion to

13 dismiss the prayer for attorney's fees.

14 **IT IS SO ORDERED.**

15 DATED: January 11, 2010

16 _____

17 Hon. Jeffrey T. Miller
   United States District Judge

cc:        All parties

18

19

20

21

22

23

24

25

26

27

28