# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MISSION BAY JET SPORTS, LLC; ROBERT ADAMSON, individually and d.b.a. MISSION BAY SPORTS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | CASE NO. 08cv0146 JM(CAB)<br><br>ORDER PROVISIONALLY GRANTING EX PARTE APPLICATION TO PRECLUDE PRODUCTS LIABILITY DISCOVERY AND PROOF AT TIME OF EVIDENTIARY HEARING; SCHEDULING ORDER |

This matter comes before the court on the court's request for further briefing and the motion of Claimants Haley Colombo and Jessica Slagel (collectively "Claimants") to limit discovery and to exclude products liability evidence at the time of the Limitations of Liability Act evidentiary hearing ("Motion"). This order addresses the Motion and sets forth a scheduling order on the evidentiary hearing. Mission Bay Jet Sports, LLC ("MBJS") and Robert Adamson, individually and doing business as Mission Bay Jet Sports, (collectively "Plaintiffs-in-Limitation") oppose the Motion. Claimants Bombardier Recreational Products Inc. and BRP US Inc. (collectively "Bombardier") similarly oppose the Motion. For the reasons set forth below, the court grants the motion to limit products liability discovery and proof at the time of the evidentiary hearing.

## BACKGROUND

Plaintiffs-in-Limitation commenced this action on January 24, 2008 requesting, among other things, that this court (1) limit their liability in a state court action to the value of the Sea-Doo jet ski

involved in the incident at issue, $6,005, and (2) enjoin further prosecution of them in state court. Plaintiffs-in-Limitation filed this complaint for exoneration and limitation of liability pursuant to the Limitation of Vessel Owner's Liability Act, ("LOLA") 46 U.S.C. §30501-30512, Rule 9(h) of the Federal Rules of civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules"). In conjunction with the complaint, Plaintiffs-in-Limitation filed a stipulation of value for the Sea-Doo in the amount of $6,005 and deposited this amount with the Court Clerk. No party challenges the adequacy of the amount deposited with the Court Clerk.

Plaintiffs-in-Limitation are named as defendants in a state court action entitled <u>Colombo v. Kohl</u>, Case No. 37-2007-00077350-CU-PO-CTL ("State Action"). Plaintiffs-in-Limitation allege that on July 29, 2007 an employee of MBJS, Brett Kohl, removed a jet ski from the premises without their knowledge or consent. (Compl. ¶¶ 6, 7). The employee then met some friends and provided jet ski rides to Claimants on Mission Bay, navigable waters located within San Diego County. (Compl. ¶11). An accident occurred seriously injuring Claimants, (Compl. ¶9), and their guardians filed suit in state court against the driver of the Sea-Doo, Brett Kohl, and Plaintiffs-in-Limitation herein. (Compl. ¶16). By means of this action, Plaintiffs-in-Limitation seek to limit their liability to the value of the Sea-Doo involved in the accident. (Compl. at p.7:7-17).

On February 7, 2008 this court granted Plaintiffs-in-Limitation <u>ex parte</u> application to stay the State Action and required Plaintiffs-in-Limitation to provide notice to all interested parties. On June 30, 2008 the court, without addressing the merits of the motion to dismiss for failure to state a claim, determined that the court lacked admiralty jurisdiction, lifted the stay, and dismissed the action. Plaintiffs-in-Limitation appealed and Claimants continued to prosecute the State Action. In February 2009 Claimants amended their state court complaint, joining Bombardier as a defendant and asserting a products liability claim.[1] On July 16, 2009 the Ninth Circuit issued its mandate and, on July 31, 2009, Judge Bloom stayed the State Action.

At the time of the September 1, 2009 status conference, the parties requested a ruling on the

---

[1] In the amended complaint, Claimants allege one fraud and three negligence causes of action against MBJS, Adamson and Kohl and a single products liability claim against Bombardier.

merits of the earlier-filed motion to dismiss and opportunity to brief the court on the case management framework for resolving the case. On January 11, 2010 the court granted in part and denied in part the motions. (Docket No. 78). On February 3, 2010, Claimants filed the present motion seeking to either (1) bar discovery and litigation of products liability issues in this proceeding or (2) revisit the trial plan and convene two separate fact-finders with the court determining non-jury issues within its jurisdiction and the jury determining all other issues. The court requested additional briefing from all interested parties and Bombardier and Plaintiffs-in-Limitation filed partial oppositions to Claimants' Motion.[2] On April 8, 2010 the court heard oral argument on the Motion. This order follows.

## DISCUSSION

**The Motion to Preclude Discovery and Products Liability Evidence**

The issue raised by Claimants concerns the scope of the LOLA evidentiary hearing. Claimants persuasively argue that evidence of products liability is irrelevant with respect to the LOLA issue before the court because Claimants are not pursuing a products liability theory to meet their burden of demonstrating that the misconduct of Plaintiffs-in-Limitation caused their injuries. Rather, as noted by Claimants at the time of oral argument, they will seek to deny exoneration or limitation under LOLA based upon evidence of negligence, and not unseaworthiness, as that term applies to products liability theories. (RT at pp.4:12 - 5:19).

The procedures for establishing exoneration or limitation of liability are well-established.

> Once the claimant establishes the particular cause of loss or damage, the vessel owner is entitled to limit its liability only if the vessel owner then successfully demonstrates it was neither privy to, nor had knowledge of, the condition of unseaworthiness or the act of negligence that caused the accident. Id. "Privity or knowledge" may be actual or constructive; therefore, in addition to showing a lack of actual knowledge or the cause of the loss, the owner must also demonstrate that it has "avail[ed] itself of whatever means of knowledge are reasonably necessary to prevent conditions likely to cause losses." Waterman S.S. Corp. v. Gay Cottons, 414 F.2d 724, 732 (9th Cir.1969); see also States S.S. Co. v. United States, 259 F.2d 458, 466 (9th Cir.1957) ("'[K]nowledge means not only personal cognizance but also the means of knowledge-of which the owner or his superintendent is bound to avail himself-of contemplated loss or condition likely to produce or contribute to loss ....' ")

In re Complaint of Ross Island Sand & Gravel, 226 F.3d 1015, 1017 (9th Cir. 2000).

---

[2] In responding to the court's request for further briefing, all parties agree that the limitation of Plaintiffs-in-Limitation's liability will preclude Bombardier from seeking indemnity or contribution beyond the value of the vessel.

- 3 - 08cv0146

Claimants represent that products liability issues will not come into play because "no party in this action claims that the craft was negligently or defectively designed or the warning is legally inadequate." (Motion at p. 6: 9-11). Assuming Claimants establish that the cause of their injuries is attributable to negligence by Plaintiffs-in-Limitation, the burden shifts to Plaintiffs-in-Limitation to show a lack of knowledge or privity.  It is inconceivable that either Plaintiffs-in-Limitation or Bombardier will seek to satisfy the lack of knowledge or privity requirement by demonstrating that they had knowledge or privity of product liability defects with respect to the vessel.  The two issues to be determined at the evidentiary hearing have been framed by Claimants: (1) whether Claimants' injuries were caused by the negligence of the vessel (Claimants represent that the "misconduct" of Plaintiffs-in-Limitation caused the accident (Motion at p.6:13-14)) and, if Claimants satisfy their burden, then (2) whether Plaintiffs-in-Limitation were in "privity or knowledge," as that term of art applies to LOLA issues.  As framed by Claimants, neither inquiry concerns any products liability related issue.  On this record, the court grants the motion to limit discovery and proof at the time of the evidentiary hearing concerning products liability.

The thrust of the opposition to limiting products liability evidence is the argument by Plaintiffs-in-Limitation and Bombardier that all "claims" are also at play in this LOLA proceedings. This argument is not persuasive.  These parties argue that the court must reach the state law products liability claims because the failure to do so will "forever preclude" Claimants from seeking relief under either claim or issue preclusion. (Plaintiff's-in-Limitation Supp. Brief at p.1:27: Bombardier Response at p.3: 24-27).  Whether issue or claim preclusion principles apply is an issue to be determined by a subsequent court, and not this court.  However, this court does address the issue of what "claims" are now before this court.

The issue of what "claims" are before the court is not without confusion.  The parties do not cite any federal statutory or constitutional authority authorizing the district court to exercise subject matter jurisdiction over the state-law claims.  Importantly, there is no federal question, diversity, nor removal jurisdiction over the state-law complaint pursuant to 28 U.S.C. §§1331,1332, 1441.[3] While

---

[3] There is no doubt that this court would have had original jurisdiction under the admiralty jurisdiction statute, 28 U.S.C. §1333(1), had Claimants originally filed the action in district court.

this court does have federal-question jurisdiction to entertain the Limitations Complaint pursuant to 46 U.S.C. §30505, the Limitations Complaint does not invoke the supplemental jurisdiction statute in order for the court to "have supplemental-jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction for the court to exercise supplemental jurisdiction." 28 U.S.C. §1367. The court notes that the failure to assert supplemental jurisdiction over the state-law claims is not necessarily fatal to the exercise of jurisdiction over the state-law claims where factors of judicial economy, fairness to the parties, comity, and convenience to witnesses support the exercise of jurisdiction over the state claims. See Carnegie-Mellon Univ. Cohill, 383 U.S. 343 (1988); Batiste v. Island Records Inc., 179 F.3d 217, 227 (5th Cir. 1999). Here, however, such factors do not presently support the exercise of jurisdiction over the state-law claims.[4]

The other provisions concerning "claims" are LOLA itself and Supplemental Rule F.[5] Both Bombardier and Plaintiffs-in-Limitation argue that the court must first determine what caused the injuries and that such a cause necessarily requires inquiry into state law products liability because those alleged defects may have caused the accident. (RT at p.9:14-19). The latter part of this argument ignores the present status of the LOLA claim as framed by Claimants. Under LOLA, Claimants have the initial burden of establishing that their loss was caused by negligence or unseaworthiness of the vessel. In re Ross Island Sand & Gravel, 226 F.3d at 1017. Because Claimants represent that they will satisfy their burden by demonstrating that Plaintiffs-in-Limitation were negligent, with no strict products liability theories implicating the "unseaworthiness" of the vessel, products liability theories are not in issue. The court also rejects Bombardier's argument that because it seeks contribution and indemnity in the state court action, the court must determine all such issues in this proceeding. The difficulty with this argument is that Bombardier fails to identify any

---

[4] The court further notes that LOLA has been given a broad and equitable construction by the Supreme Court. In Hartford Accident Co. v. Southern Pacific Co., 273 U.S. 207, 218 (1926) the Supreme Court concluded that the district court has "the jurisdiction to fulfill the obligation to do equitable justice to such claimants by furnishing them a complete remedy." Thus, after denial of limitation of liability, the Supreme Court concluded that the district court could retain jurisdiction to determine all claims and priorities.

[5] In the absence of supporting legal authority, the court rejects the notion that a procedural rule like Supplemental Rule F is the functional equivalent of a jurisdictional authorizing statute such as 28 U.S.C. §1331 and 1332.

negligence-based claim by which Bombardier could be found derivatively liable. Accordingly, in light of the issues as framed by Claimants, the court grants the motion to limit products liability discovery and proof at the time of the evidentiary hearing.[6]

**Scheduling Order**

The parties are instructed to contact the chambers of Magistrate Judge Bencivengo within three days of entry of this order for a status and scheduling conference. The court anticipates an evidentiary hearing to be scheduled this summer.

In sum, the court grants the motion to limit products liability discovery and proof at the time of the evidentiary hearing.

**IT IS SO ORDERED.**

DATED: May 10, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[6] Assuming Plaintiffs-in-Limitation were to prevail in this LOLA action based upon the negligence theory asserted by Claimants, and thereafter Bombardier were to be found liable in state court based upon a products liability theory, the parties have not cited any authority for the proposition that Plaintiffs-in-Limitation would be precluded from returning to this court for a determination on whether LOLA would afford relief against contribution or indemnity under 46 U.S.C. §30505. These circumstances are wholly speculative at this juncture and are better addressed at a later proceeding, if necessary. Conversely, assuming Claimants prevail in this action, all claims would appear properly determined in the state court proceeding, including claims of indemnity and contribution.